Butler Auto Sales, Inc. *vs.* Albert E. Skog.

APRIL 21, 1964.

Present: Condon, C. J., Roberts, Powers and Joslin, JJ.

JOSLIN, J. This action of assumpsit was brought to recover an amount allegedly owing by the defendant to the plaintiff on the purchase price of an automobile. The defendant denied liability and also claimed damages because of an alleged breach of warranty. The case was tried before a justice of the superior court sitting without a jury and resulted in a decision for the plaintiff in the amount of $500 and costs.

After the case reached this court on defendant's exceptions to the decision and to evidentiary rulings and shortly before it was heard, plaintiff filed a "Motion To Establish The Truth Of The Transcript" in which it claims to be prejudiced because the certified transcript does not fully and completely set forth all the proceedings before the superior court. The incompleteness, the plaintiff states, lies in the failure of the court stenographer to include in the transcript what counsel said when stipulating as to evidentiary matters, the record in that respect containing only the reporter's own phrase "Statement By Counsel." With our permission the motion was argued at the same time as were defendant's exceptions on the merits.

At the outset we consider plaintiff's motion because if granted it will be dispositive of the case at this stage of the proceedings. The records of the superior court disclose that subsequent to the entry of decision for plaintiff, defendant duly gave notice of his intention to prosecute a bill of exceptions to this court and requested the court stenographer to prepare "a transcript of the entire evidence, rulings, instructions, etc." Thereafter the bill of exceptions and the transcript certified by the stenographer as "a true and accurate transcription of the testimony presented, according to my stenographic notes" were filed with the clerk of the

superior court within the time fixed by a justice of that court. Due notice was given to both parties of the time for the hearing on the allowance of that bill and transcript at which hearing both were allowed, plaintiff not appearing. After the cause had been assigned for argument in this court, but before it was heard, plaintiff filed the instant motion.

Although G. L. 1956, §9-24-17, which delineates the procedure for prosecuting a bill of exceptions is strictly construed, *Hartley* v. *Rhode Island Company*, 28 R. I. 157, we give a reasonably liberal construction to the portion of that section by which authority is vested in this court to "allow amendments to a bill of exceptions or transcript of testimony." *Providence Fruit & Produce Bldg., Inc.* v. *Gamco, Inc.*, 76 R. I. 54, 57.

In *Gamco* we held that the power to amend even on a liberal construction should not be extended to allowing over objection the addition of a new exception which did not appear in the bill of exceptions at the time it was approved by the trial justice. We there reasoned that to hold otherwise might naturally result in a careless and hasty preparation of bills of exceptions by appealing parties with the possible result of a denial to adversaries of the opportunity of knowing the grounds they would be forced to meet until the cases were ready for argument. The conclusion reached was undoubtedly influenced by the fact that the party who there sought the amendment was seeking to rectify its own error which a more careful preparation of its bill of exceptions would have obviated.

Here, however, the situation is different. It is the official court stenographer, and not the plaintiff who because of inadvertence, misunderstanding or otherwise failed to make the transcript complete, notwithstanding the requirements of G. L. 1956, §8-5-5, that she "report stenographically the proceedings in the trial" and that she "shall also make a

transcript of the whole * * * of such report" when so requested as she was here.

In these circumstances plaintiff could rely on the presumption that in the proper performance of her official duties the court stenographer would prepare a transcript containing a full report of the entire proceedings. See *Pendleton* v. *Briggs*, 37 R. I. 352, and *Greenough ex rel. Carroll* v. *Board of Canvassers & Registration*, 33 R. I. 559. Instead of discharging her statutory duty, however, the stenographer substituted for what was in fact said a summation or description thereof under a designation of her own choice entitled "Statement By Counsel." With this background and in the light of defendant's concession that the stenographic record is incomplete, it would be a disservice to the attainment of substantial justice if we were to refuse to exercise the power vested in us to allow the transcript to be amended.

That we allow an amendment of this transcript does not mean that we will in a different fact situation grant a similar motion when the movant has neglected, pursuant to G. L. 1956, §9-24-20, to appear before a justice of the superior court on the question of the allowance of the transcript.

The plaintiff contends that the statement was a stipulation by defendant's counsel as to evidentiary matters; defendant, however, maintains that his counsel did no more than offer to agree to the existence of certain facts which offer was not accepted. Whichever it may be is of no significance at this stage of the proceedings for so long as we are denied knowledge of what was said, the conflicting contentions of the parties as to the content of what has been omitted and its effect, if any, on the final outcome cannot be resolved.

The plaintiff's motion is granted, and on April 29, 1964 the defendant is ordered to present to this court for the es-

tablishment of the truth of the transcript so much of the stenographic report as has been omitted therefrom.

On Motion to Withdraw Brief and File New One.

MAY 25, 1964.

Per Curiam.   After our decision in the above case, *Butler Auto Sales, Inc. v. Skog,* 98 R. I. 63, 199 A.2d 597, the defendant appeared pursuant to our mandate and established the truth of the transcript by presenting that portion of the stenographic report which had been omitted therefrom.   After so doing he orally moved that he be allowed to withdraw the brief previously filed herein, be permitted to file a new brief, and be given leave to argue thereon.   He grounded his motion on the assertion that his brief as previously filed met only the issues raised by the transcript in its incomplete form.

Upon consideration, it is our opinion that the motion should be granted.

Each of the parties may withdraw the briefs previously filed and in filing new briefs shall comply with Rule 15 of our rules.   The case is assigned for hearing on the merits to January 13, 1965.

*Sanford H. Gorodetsky,* for plaintiff.

*Pontarelli & Berberian, Aram K. Berberian,* for defendant.