HELEN L. GRIFFIN *vs.* ZONING BOARD OF REVIEW
OF THE TOWN OF BURRILLVILLE.

MAY 28, 1964.

PRESENT: Condon, C. J., Roberts, Powers and Joslin, JJ.

POWERS, J. This petition for certiorari was brought to review and to quash a decision of the Burrillville zoning board of review granting an extension of a nonconforming use. We issued the writ and pursuant thereto the pertinent records have been duly certified to this court for our examination.

It appears therefrom that Grant N. Fournier, hereinafter called the applicant, is the owner and operator of a class B licensed cafe located on Grove street in the town of

Burrillville. He purchased the property and its present business use in October 1961 subsequent to the adoption of the zoning ordinance in July of that year.

It is situated in an R-2 zone within which the applicant's business is not a permitted use. It was, however, in existence for several years prior to the establishment of zoning in Burrillville. The building, presently used as a cafe, measures 30 by 16 feet and rests on a foundation 30 by 32 feet. It appears that the original owner had intended eventually to enlarge the existing premises to the size of the foundation, but never did so.

The application states that the lot area consists of 10,000 square feet, with a frontage of 80 feet on Grove street. It seeks an exception or variance without reference to any section of the ordinance, and gives as reasons therefor renovation of the bar area together with the addition of a ladies' room and increased kitchen and dining-room facilities.

The application appears to have been accompanied by a hand-drawn map not drawn to scale and an application for a building permit. From the map it is not possible to determine the area or dimensions, but those set forth in the request for a building permit, however, are identical with those appearing on the application for an exception or variance.

The applicant testified that he purchased the business with the intention of increasing the facilities as presently proposed but had delayed doing so and did not realize that zoning was involved. He stated that his license required specific kitchen facilities and that those existing both for his needs and state requirements were not quite appropriate.

Asked by the chairman of the board what effect, if any, a denial of his application would have on his livelihood, the applicant replied: "I am having a struggle as it is; like most people in small business do have a hard time. Without the extension, I might have a feeling that I could-

n't go on probably not too much longer. I am now existing. I'm making a living to a certain extent and for the amount of time and hours I put in there it's; sometimes you get the feeling it's not worthwhile. That's the reason why I want to extend * * *." He added that he thought it would improve the appearance of the neighborhood.

William H. J. Griffin, who resided with his sister, petitioner herein, at 26 Grove street, presented the written objections of thirteen remonstrants and stated his reasons why the application should be denied. He complained about noise, traffic and the depreciating effect that the existing use already had on neighboring property. It was his testimony that neither he, nor the remonstrants he represented, were making any complaint of existing conditions, but felt strongly that they should not be worsened which, in his opinion, would inevitably result if the application were granted. In the course of his testimony he stated that the applicant was already making a living from the business and was reminded by the board chairman that this could only be inferred. Although the applicant testified in rebuttal as to some of the objections raised by the remonstrant Griffin, he did not offer to rebut the inference that the business was already profitable.

The board granted the application for the following reasons:

"1. That there are special conditions applying to the land and structure, namely, the exceptional narrowness and shape of the lot, and the existence of a concrete foundation constructed sometime prior to the enactment of the zoning ordinance.

"2. That upon purchase of said property, it was the intention of the applicant to erect an addition over said concrete foundation.

"3. That said conditions are peculiar to said land and building, but not the neighborhood.

"4. That said conditions are such that the strict applica-

tion of the zoning ordinance would deprive the applicant the reasonable use of the land and structure.

"5. That the granting of said variance is subject to the following conditions and safeguards:

"a. That the applicant will be required to provide additional off-street parking facilities as provided under Article V Section 1A5 of the zoning ordinance.

"b. That the applicant will be required to screen the parking areas and other parts of the lot from the abutting residences, as provided under Article V, Section 1C of the zoning ordinances.

"c. That all construction and aforesaid conditions shall be completed within twelve months from the date of issuance of building permit."

The petitioner makes several contentions, all of which, however, can be summarized as challenging the decision of the board on the grounds that it is arbitrary and constitutes an abuse of discretion. We are persuaded that there is merit in her objection.

By the provisions of art. 1, sec. 5C (special exceptions) and art. 4, sec. 1F (extension of nonconforming uses) of the ordinance by which applicant sought relief, it would have been possible for him to have applied for a special exception which would have authorized an extension of 25 per cent of the existing floor space. Such an exception, however, would not have provided for the proposed extension and it was presumably for this reason that his application was not directed to any specific provision of the ordinance.

This court has heretofore held that in such cases the application is to be considered as one for a variance only. *Caldarone* v. *Zoning Board of Review*, 74 R. I. 196. In the instant case, moreover, the board concedes that its decision can be sustained only as a variance, if at all. It is clear from a reading of the decision that the board was motivated by what it considered to constitute a hardship, but the evidence does not support a finding of hardship as that term is used in zoning.

It is well settled that the hardship envisioned by the enabling act contemplates a loss of all beneficial use. *Hazen* v. *Zoning Board of Review,* 90 R. I. 108; *Berard* v. *Zoning Board of Review,* 87 R. I. 244. A showing that the use is not so profitable as that which would result from the relief sought is no justification for a decision favorable to the applicant. *Laudati* v. *Zoning Board of Review,* 91 R. I. 116.

Here the applicant's testimony clearly discloses that the existing use is not unprofitable, but rather that it is not so profitable as would presumably be the case if the time and efforts he presently devotes to it could be applied to increased facilities.

The board argues, however, that the applicant's circumstances are fully as harsh as those which prevailed in *Tuite* v. *Zoning Board of Review,* 96 R. I. 307, 191 A.2d 155, where this court sustained the action of the board in granting a variance.

There a three-story dwelling was being operated under a state license as a home for elderly persons and as such constituted a nonconforming use. Some eleven elderly persons, representing more than a third of the total number of residents, resided on the third floor and the city fire department ordered an abandonment of those quarters for reasons of safety. Application was made to the zoning board for a variance in order to permit the property owner to relocate the third-floor tenants by adding an addition to the first floor.

Recourse was had to the board of review for the reason that the Woonsocket ordinance prohibited the remodeling or expansion of a nonconforming use. A variance was granted on the ground of hardship and we remanded the cause to the board for further determination, holding that the hardship found to exist was not that hardship contemplated by G. L. 1956, §45-24-19c. *Tuite* v. *Zoning Board of Review,* 95 R. I. 12, 182 A.2d 311.

Thereafter a hearing was held de novo at which evidence

was adduced that the building could no longer be used as a single-family dwelling, and that it could not be operated except at a loss unless the existing accommodations of the home were maintained. On this evidence the board found that a literal application of the zoning ordinance would result in a loss of all beneficial use and again granted a variance. We affirmed that decision, there being competent evidence to support the findings on which it was made.

Here the evidence shows that the present nonconforming use is operated at some profit and, moreover, even if such were not the case there is a complete absence of evidence that the land cannot be devoted to a residential use.

In its decision the board states that a view of the premises was taken. It refers to "the exceptional narrowness and shape of the lot" but also takes note of the existence of a 32-by-30-foot foundation. Considering that the application states the property to have an 80-foot frontage on Grove street, it would appear that the lot is adaptable to a residential use.

Moreover, the board's finding that "said conditions are such that the strict application of the zoning ordinance would deprive the applicant the reasonable use of the land and structure" cannot support the granting of a variance, since a grant thereof would require a finding of loss of all beneficial use.

We hold, therefore, that the decision of the board was arbitrary and constitutes an abuse of discretion. *Costantino* v. *Zoning Board of Review,* 74 R. I. 316.

The petition for certiorari is granted, the decision of the board is quashed, and the records in the case are ordered returned to the respondent board with our decision endorsed thereon.

*Gardner, Sawyer, Cottam & Gates, Edward W. Day, Jr.,* for petitioner.

*Irving I. Zimmerman,* for respondent.