208 A.2d 124.

BUTLER AUTO SALES, INC. *vs.* ALBERT E. SKOG.

MARCH 10, 1965.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Joslin, JJ.

CONDON, C. J. This is an action of assumpsit which was brought here by the defendant's bill of exceptions and was originally considered by us on the plaintiff's motion to establish the truth of the transcript. The motion was grounded on its alleged incompleteness caused by the court stenographer omitting therefrom the defendant's stipulation as to certain evidentiary matters. We granted the motion and deferred consideration of the merits of the exceptions until the defendant submitted "so much of the stenographic report as has been omitted * * *." See *Butler Auto Sales, Inc.* v. *Skog,* 98 R. I. 63, 67, 199 A.2d 597, 599. Pursuant thereto such omitted portion of the transcript was thereafter duly presented and the parties were given permission to withdraw their briefs previously filed and present new briefs to meet the issues raised by the transcript as thus completed. See *Butler Auto Sales, Inc.* v. *Skog,* 98 R. I. 63, 67, 200 A.2d 700.

It appears from such completed transcript that the case was tried to a justice of the superior court sitting without a jury largely on facts stipulated by defendant and resulted in a decision for plaintiff for $500. The defendant prosecuted a bill of exceptions containing six exceptions but he has expressly waived those numbered 3, 4 and 5. Under his first exception he contends the trial justice erred in denying his motion to strike certain testimony given by a witness in his direct examination. At that time he made no objection thereto but later when on cross-examining the witness he was precluded from inquiring into the same matter he moved that such testimony given in direct examination be stricken. The trial justice denied the motion on the ground that it came too late. There was no error. *Perry* v. *New England Transp. Co.,* 71 R. I. 352. Exception No. 1 is therefore overruled.

At the conclusion of a series of questions to which defendant's counsel had neglected to object, he asked leave

to except thereto. The trial justice ruled that his objection came too late and for that reason overruled it. This ruling is the subject of defendant's second exception. The defendant concedes that G. L. 1956, §9-24-15, requires exceptions to be taken immediately but he contends that this provision should not be construed so narrowly as to deprive a litigant of his right to object where his counsel is temporarily negligent. In support of such contention he cites *Manekofsky* v. *Baker,* 92 R. I. 377. We find nothing in that case which lends support to defendant's contention. On evidentiary matters the client is in the hands of his counsel. Counsel's failure to act in time to preserve his client's rights will not be treated by this court as a sufficient ground for absolving him from compliance with well-established rules governing the introduction of evidence at the trial. There was no error in the trial justice's ruling. Exception No. 2 is therefore overruled.

Under his sixth exception defendant contends that the decision is erroneous because there was no evidence of a contract or an agreement to sell and no actual sale of the automobile. He concedes, however, that during the trial he offered to stipulate that on March 5, 1956 plaintiff, a Rhode Island corporation, was in the business of buying and selling new and used motor vehicles in East Providence; that he, defendant, agreed to purchase a 1955 Chevrolet for $1,626.90 and gave a check in part payment therefor in the amount of $500; that plaintiff in consideration thereof agreed to sell such motor vehicle and accepted the check in part payment; and that the check when presented was unhonored and unsatisfied by the bank on which it was drawn.

The defendant claims that he was not bound by such stipulation because it was a mere offer which the plaintiff declined. The plaintiff did not so construe the defendant's statement nor did the trial justice. Upon examination of the transcript we are disposed to agree with the plaintiff

that the trial proceeded on the basis that the defendant had actually stipulated to the facts as above stated and that there was no need of formal proof thereof on the plaintiff's part. On this basis we find no merit in the defendant's contention in support of his sixth exception and such exception is therefore overruled.

All of the defendant's exceptions briefed and argued are overruled, and the case is remitted to the superior court for entry of judgment on the decision.