**242 A.2d 416.**

DOMENIC DIDONATO, JR. *et ux. vs.* ZONING BOARD OF REVIEW OF THE TOWN OF JOHNSTON.

JUNE 7, 1968.

PRESENT: Roberts, C. J., Paolino, Joslin and Kelleher, JJ.

PAOLINO, J. This is a petition for certiorari to review a decision of the zoning board of review of the Town of Johnston denying the petitioner's application for a variance to erect a one-family dwelling on one of two adjoining lots owned by the petitioner and his wife[1] in a Residence A District. Pursuant to the writ the pertinent records have been certified to this court.

It appears therefrom that the lots are on a plat which was recorded prior to the enactment of the original zoning ordinance of the Town of Johnston. They are designated as lots 385 and 386 on Assessor's Plat 11, each measuring 50 by 95 feet, and each having an area of 4,750 square feet. The petitioner purchased the two lots in 1959, almost five years after the present zoning ordinance was enacted. The petitioner's residence and garage are located on lot 385, lot 386 having remained vacant.

The lots are located in an area zoned "Residence A District" in which a single-family detached dwelling is a permitted use. Section V of the ordinance imposes, among

---

[1]The application for relief was signed only by Mr. DiDonato, but the petition for certiorari has been brought by Mr. DiDonato and his wife, who owned the premises in question jointly with her husband. We shall treat this petition as if it were brought only by the husband, who shall herein be referred to as the petitioner.

others, the following restrictions in the case of single-family dwellings: minimum lot area of 10,000 square feet; street frontage of 100 feet; a front yard not less than 30 feet in depth between a front street line and the building, and not less than 30 feet in depth between a side street line and the building; side yards not less than 20 feet in width along each lot line other than a front street line, side street line, or rear line; and rear yards not less than 20 feet in depth.

On February 16, 1967, petitioner filed the instant application for an exception or a variance for permission to build a new home on lot 386. He stated as a ground for the relief sought the fact that he needed a larger home because his family had increased. He attached to the application a plan showing the size and location of the proposed house on lot 386. It appears therefrom that the proposed house measures 26 feet by 44 feet; that the front street line will be 20 feet, instead of the required 30 feet; and that there will be one side line of 10 feet and the other of 14 feet, instead of the required 20 feet side-yard requirements.

Although the application is on a form entitled "Application for Exception or Variation under the Zoning Ordinance," it is not directed to any specific provision of the ordinance. In the circumstances the board correctly treated the application as one for a variance only. *Griffin* v. *Zoning Board of Review*, 98 R. I. 233, 236, 200 A.2d 700, 702; *Vican* v. *Zoning Board of Review*, 103 R. I. 429, 238 A.2d 365.

It is obvious from a reading of the application and an examination of the plan submitted therewith, that, although he has not mentioned it in his application, the petitioner is seeking a variance not only for permission to erect a house on an undersized lot, but also for relief from side-yard and front-yard-line restrictions.

The record returned to us consists of a copy of the application, a summary of the minutes of the hearing, a list of

objectors, a copy of the decision, a plan of lot 386 showing the location of the proposed house thereon, a radius map, a list of property owners, a certified copy of the deed conveying the premises to petitioner, and certain correspondence. The record contains no transcript of the hearing but, as indicated above, only a summary of statements made by petitioner and certain remonstrants who appeared at the hearing. While this method of recording the proceedings before the board complies with the requirements of G. L. 1956, §45-24-15, *Jacques* v. *Zoning Board of Review*, 64 R. I. 284, 12 A.2d 222, *Robinson* v. *Town Council*, 60 R. I. 422, 199 Atl. 308, it would be more helpful if, in performing our duty under the statute, we have the advantage of a written transcript. Lacking such transcript we must review the record on the basis of the summary prepared by the clerk of the board.

It appears from the summary of what transpired that petitioner appeared alone at the hearing. He verified that he was the owner of the lot in question and, in reply to a question by one of the members of the board, he stated that he bought lots 385 and 386 together in the same transaction. After several remonstrants had stated their reasons for objecting to the application, petitioner replied that he did not feel that the proposed house would devalue neighboring land. His remaining statements are summarized as follows:

"* * * He stated he has a car in the yard. The neighbors park their trailer on the road. They put additions on their house, where did they get their permits, or did they get permits?"

As far as we can tell from the record, petitioner presented no other evidence to support his entitlement to the relief he sought.

In their decision denying the application, after pointing out that they had taken a view of the premises and surrounding area, the board made a general finding that the

facts and reasons set forth in the application and hearing did not justify the granting of the variance as requested. They stated that they had, on their own motion, examined the deed by which petitioner and his wife took title to the premises; that they concluded therefrom that there had been a merger of the two lots into a single lot; that, in the circumstances, granting the relief sought would result in a division of the merged lots causing the creation of a non-conforming lot which would violate the frontage, area, side-line and rear-yard requirements in sec. V of the ordinance; that a strict and literal enforcement of the ordinance provisions would "* * * not create any practical difficulty or unnecessary hardship" upon petitioner; that the variance could not be granted without substantial detriment to the public good; and that the granting of the application would substantially derogate from the intent and purpose of the law.

The petitioner contends that he presented a case of "unnecessary hardship" within the meaning of G. L. 1956, §45-24-19 c., entitling him to a variance, and that therefore the board's decision denying the application was arbitrary and an abuse of discretion.

The respondent contends that there has been a merger of lots 385 and 386 into one lot by the deed conveying the premises to petitioner and his wife and that, therefore, for zoning purposes, lot 386 is no longer in existence as a separate lot. The petitioner, on the other hand, argues that there has been no merger; that lot 386 remains a separate lot on a plat which was recorded prior to the enactment of any zoning ordinance in Johnston; and that because of its size, namely, 4,750 square feet in area, the ordinance prescribing a minimum lot area of 10,000 square feet deprives him of all beneficial use of lot 386.

Assuming, without deciding that there has been no merger of lots 385 and 386, two questions are before this court.

First, is the petitioner entitled to a variance which would enable him to place a one-family dwelling on the undersized lot 386? Second, if he is entitled to such variance, has the petitioner satisfied the requirements necessary to obtain relief from the side-yard and front-yard-line restrictions?

Inasmuch as the ordinance makes it impossible for lot 386 to be used for any permitted use, it is apparent that petitioner has met the requirement of establishing unnecessary hardship within the meaning of §45-24-19 c.[2] On this record and under the assumption that lots 385 and 386 have not merged, petitioner is therefore entitled to a variance whereby he may use his property for the use specified in his application, provided that said use will not be contrary to the public interest. *Denton* v. *Zoning Board of Review*, 86 R. I. 219, 133 A.2d 718; *R-N-R Associates* v. *Zoning Board of Review*, 100 R. I. 7, 210 A.2d 653; *Saravo Bros. Constr. Co.* v. *Zoning Board of Review*, 102 R. I. 442, 443-444, 231 A.2d 9, 10.

What is meant by the words "not be contrary to the public interest" was answered many years ago in *Heffernan* v. *Zoning Board of Review*, 50 R. I. 26, 29, 30, 144 Atl. 674, 676, where this court said:

> "* * * The expressions 'contrary to the public interest' and 'unnecessary hardship' must be given a reasonable interpretation. As the provisions of the ordinance represent a declaration of public interest, any variance would in some measure be contrary thereto. In this connection the words 'contrary to the public interest' should be interpreted to mean what in the judgment of

---

[2] "To authorize upon appeal in specific cases such variance in the application of the terms of the ordinance as will not be contrary to the public interest, where owing to special conditions a literal enforcement of the provisions of the ordinance will result in unnecessary hardship, and so that the spirit of the ordinance shall be observed and substantial justice done."

In *Vican* v. *Zoning Board of Review*, *supra*, we stated that unnecessary hardship is shown when one demonstrates that under the existing ordinance he will be deprived of *all* beneficial use of his land.

a reasonable man would unduly, and in a *marked degree conflict* with the ordinance provisions. \* \* \* "
(italics supplied)

"In appealing to the discretion of the board of review for a variance of the provisions of the ordinance the burden was upon the petitioner to satisfy the judgment of the board that such variance would not be unduly in conflict with the public interest as expressed in the ordinance \* \* \*."

Since the use for which the petitioner has applied is a permitted use for his area under the ordinance, we can only conclude that his construction of a one-family dwelling will in no way violate the public interest. It therefore follows that petitioner, under the aforesaid assumption, is entitled to place a one-family dwelling on lot 386.

We come next, however, to the question of what size dwelling petitioner should be allowed to erect on his premises. The petitioner seeks a deviation from the front-yard and side-yard restrictions imposed by the ordinance. He alleges in his application that he needs a larger home than that which the ordinance would permit because his family has increased in size. It is our opinion that such contention is not sufficient to satisfy the test set forth in *H. J. Bernard Realty Co.* v. *Zoning Board of Review*, 96 R. I. 390, 393-94, 192 A.2d 8, 10-11. In that case we said:

"\* \* \* building, height and lot-line restrictions are regulations governing a permitted use as distinguished from the limitations on the use one may make of his property. \* \* \* in seeking a variance \* \* \* from such regulations a property owner was not required to prove a loss of all beneficial use.
"\* \* \*

"There must be a showing of an adverse effect amounting to more than mere inconvenience. \* \* \*"

In the instant case, petitioner has shown merely that he would suffer a personal inconvenience in having to house his family in a dwelling which must conform to the lot-

line restrictions imposed by the ordinance. He has failed to establish that the ordinance places more than a mere inconvenience upon him. In so holding, we define the words "* * * more than mere inconvenience" to mean that an applicant must show that the relief he is seeking is reasonably necessary for the full enjoyment of his permitted use.

In these circumstances we cannot say that in denying his request for relief from the aforesaid regulations the board acted arbitrarily and abused their discretion.

The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, and the decision of the board is affirmed.

POWERS, J., did not participate.

*Jackvony & DeConti, Merlyn A. DeConti,* for petitioners.

*John P. Bourcier,* Town Solicitor, for respondent.