[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This is an appeal of a decision by the Central Falls Zoning Board of Review (hereinafter referred to as "board"). The plaintiffs, abutting landowners to those in whose favor the June 8, 1990 variance was granted, are seeking reversal of that decision. Jurisdiction in this court is pursuant to R.I.G.L.
1956 (1988 Reenactment) § 45-24-20.
The property in dispute in this action is located at 33 Higginson Avenue in Central Falls, Rhode Island. William Collins Company and Whittet-Higgins Company (landowner and lessee, respectively), co-defendants in this action, applied to the Central Falls Zoning Board for a setback and side lot variance in May, 1990. This request was precipitated by a need to build an addition onto the existing structure. On June 8, 1990, after two zoning board hearings at which defendants and plaintiffs appeared and presented testimony, the variance application was approved.
The plaintiffs assert that the granting of the variance will have a detrimental effect on their abutting business by blocking views from the street. They further claim that traffic on Higginson Avenue (which is classified as a manufacturing zone) would become unduly congested due to the fact that more trucks would be travelling down the street. Finally, the plaintiffs assert that the whole record did not support the zoning board's June 8, 1990 decision, thus necessitating a reversal of the decision, under R.I.G.L. 1956 (1988 Reenactment) § 42-35-20:
 45-24-20. Appeals to Superior Court
 (d) The court shall not substitute its judgment for that of the zoning board as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are: (1) in violation of constitutional, statutory or ordinance provisions; (2) in excess of the authority granted to the zoning board by statute or ordinance; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative and substantial evidence of the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
In reviewing a zoning board decision, the Superior Court ". . . is not empowered to substitute its judgment for that of the zoning board if it can conscientiously find that the board's decision was supported by substantial evidence in the whole record." Apostolou v. Genovesi, 388 A.2d 821, 825 (R.I. 1978). The Apostolou court further defines "substantial evidence" as "more than a scintilla but less than a preponderance." Id. at 824. If "a reasonable mind might accept [the evidence] as adequate to support a conclusion," the substantiality requirement is satisfied. Id. at 826.
Different standards exist for a "true" variance, that in which one seeks to use land for a use not then permitted, and a "deviation," that in which one seeks relief from existing restrictions governing permitted use. Gara Realty v. ZoningBoard of Review, 523 A.2d 855, 858 (R.I. 1987). While petitioners must satisfy the "unnecessary hardship" standard ofR.I.G.L. 1956 (1988 Reenactment) § 45-24-19(c), requiring "a showing of deprivation of all beneficial use of property . . ." for a "true" variance, they must only "demonstrate an adverse impact amounting to more than a mere inconvenience," to satisfy the deviation standard. DeStefano v. Zoning Board of Review ofWarwick, 122 R.I. 241, 405 A.2d 1167, 1170 (1979). Relief from a setback restriction so as to build that which is already permitted is considered a deviation. Felicio v. Fleury,557 A.2d 480, 482 (R.I. 1989).
The elements of "mere inconvenience" in zoning variances are enumerated in DiDonato v. Zoning Board of Review of Johnston,104 R.I. 158, 242 A.2d 416 (1968). If the relief sought is reasonably necessary for the full enjoyment of his permitted use, then the petitioner has suffered more than "mere inconvenience."Id. at 420. That aforementioned standard is applicable, then, to the instant case. If the zoning record can support that the defendants (then petitioners) would suffer an impact amounting to "more than mere inconvenience," then their request for a variance was properly granted.
In the instant case, defendants seek setback relief to build the addition to their present plant. The entire area is zoned for manufacturing, so the plant addition would be considered a permitted use, relief which would require satisfaction of the "mere inconvenience" standard set forth in Gara Realty at p. 858. Plaintiffs, arguing on the record that there existed an alternative to defendants' building of an addition affecting setback requirements, outlined a process called "canting." Plaintiff expert, Rodney Wick (June 5, 1990 Tr. p. 11), explained that canting would eliminate the need for an addition by rearranging the machinery set-up in the existing plant. (June 5, 1990 Tr. p. 16), thus reiterating their belief that defendants would suffer simply "mere inconvenience" if they were not granted the variance.
Petitioners requesting a variance from a minimum lot requirement must present sufficient evidence of the reasonable necessity for the relief. Establishment of the premise that the relief is best suited to the petitioners' plans, without further evidence, is insufficient to support a granting of the variance.Lincoln Plastics Products Co. v. Zoning Board of Review ofLincoln, 104 R.I. 111, 242 A.2d 301, 303 (1968). Defendants rebutted plaintiffs' expert testimony regarding the plaintiffs canting plan (June 5, 1990 Tr. p. 28), and sought to establish that the addition was necessary for the continued operation of their plant. (May 30, 1990 Tr. p. 7). Further, defendants noted that there had been numerous plans presented to defendants and, after review of all of them, the defendants rejected those with a retaining wall and excavation (as the plaintiffs' plans noted) because of the landslide threat that both elements posed. (May 30, 1990 Tr. p. 40).
While plaintiffs assert that the defendants' addition, extending seven feet beyond minimum lot requirements, would result in a diminishment of plaintiffs' business, they could not establish, with reasonable certainty, the present value of their property (May 30, 1990, Tr. p. 49). Nor was the blockage of the view of their property clearly established (May 30, 1990, Tr. p. 50). If the plaintiffs could have proven such diminishment of their property, then principles of equity would have to be directly considered regarding the granting of defendant's variance. Plaintiffs were, in fact, unable to prove the elements of business diminishment with reasonable certainty.
Thus, after the review of the whole record, this court finds that defendants presented to the board evidence to support that the denial of the variance would have resulted in more than mere inconvenience. The decision of the Board is thus supported by reliable, probative, and substantial evidence on the whole record and is not clearly erroneous. The June 8, 1990 decision of the Central Falls Zoning Board is hereby affirmed.