[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
Before the Court is an appeal by Johnson and Wales University (plaintiff), which seeks reversal of a May 22, 1991 decision of the City of Cranston Zoning Board of Review (the Board) on the application of Arnold Kilberg (Kilberg) for a deviation. Jurisdiction in this Superior Court is pursuant to R.I.G.L. 1956 (1988 Reenactment) § 45-24-20. As the facts and the issues in the instant case are identical to the facts and the issues in civil action P.C. 91-4124, the decision herein made shall apply to the same.
The pertinent facts of the instant appeal are as follows. Kilberg is the owner of the subject property in question which is designated as lot three thousand eight hundred and ninety-eight (3,898) and lot number one thousand nine hundred and eighteen (1,918) of Cranston Tax Assessor's Plat 2/3. Said property is located at one thousand one hundred eighty (1,180) Narragansett Boulevard, Cranston Rhode Island. The property is zoned B-2, which under the zoning ordinance of Cranston permits single, two, and multi-family dwellings. The subject has a sloping grade and is located in a coastal region. An apartment building (Rosedale) is presently located on the subject property containing thirty-four (34) units.
Pursuant to § 30-19 of the Cranston Zoning Ordinance, the maximum height permitted for a building in zone B-2 is thirty-five (35) feet. Kilberg proposed to erect two (2) additional condominium complexes on the subject property — one, a three story building containing seven two-level units, and the other, a four (4) story building, containing nine (9) two-level units. Kilberg's proposal also provided for the addition of balconies and a trussed roof to Rosedale. Said proposal would exceed the thirty-five (35) foot height limitation on all three buildings. Kilberg filed an application on March 8, 1991, seeking relief from the height limitation.
A scheduled and advertised hearing was held on May 8, 1991. Kilberg did not attend said hearing. However, counsel appeared on his behalf. Testifying in support of Kilberg's application was John Riley, an architect. Mr. Riley's testimony covered various subjects associated with the project including the Rosedale building, the two proposed buildings, residential parking, ingress and egress areas, the topography of the property, and the flood plain level of the property. The essence of Mr. Riley's testimony was that having to observe a thirty-five (35) foot height limitation for a building on the subject property is more difficult than on a more level site because a great amount of height has to be used in order to construct the first floor above the flood plain elevation and to counteract the effect of the sloping topography.
Testifying on behalf of plaintiff at said hearing was William McGovern, a duly qualified real estate expert. The gist of Mr. McGovern's testimony was that full enjoyment of the subject property can be accomplished in compliance with the zoning ordinance and would permit Kilberg to construct approximately eight (8) or nine (9) more units.
The Board also heard testimony from objectors to the granting of the deviation. Said objectors testified with respect to the impact the proposed buildings would have on their property. There was testimony indicating that the proposed buildings would obstruct the views of Narragansett Bay of certain property owners and that the construction of the proposed buildings would cause an increase in traffic in the area.
In a decision dated May 22, 1991, the Board voted to grant the application with restrictions. The Board stated "that granting a permit will not prove detrimental to the neighborhood" and the applicant met the requirements of the Zoning Code, Section 30-49 (M,N,O,P)." The Board granted Kilberg permission to construct only the four (4) story nine (9) unit building and also permitted the requested renovations as to Rosedale. There was also a restriction imposed as to ingress and egress which is not specifically at issue. In response, plaintiff has filed the instant appeal.
In reviewing a zoning board decision this Court is constrained by R.I.G.L. 1956 (1988 Reenactment) § 45-24-20(d), which provides in pertinent part as follows:
 45-24-20. Appeals to Superior Court
 (d) The court shall not substitute its judgment for that of the zoning board as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are: (1) in violation of constitutional, statutory or ordinance provisions; (2) in excess of the authority granted to the zoning board by statute or ordinance; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative and substantial evidence of the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
The court ". . . is not empowered to substitute its judgment for that of the zoning board if it can conscientiously find that the Board's decision was supported by substantial evidence in the whole record." Apostolou v. Genovesi, 120 R.I. 501, 505,388 A.2d 821, 825 (1978). The Rhode Island Supreme Court has defined "substantial evidence" as "more than a scintilla but less than a preponderance." Id. Additionally, the term encompasses "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id.
Plaintiff contends the Board's decision granting the deviation should be reversed for lack of substantial evidence of record. Specifically, this alleged lack of evidence regards Kilberg's burden of demonstrating that the permitted use of the property was not possible unless the deviation sought was granted.
A deviation constitutes the type of relief available from restrictions governing a permitted use, such as area and/or setback requirements. This standard, known as the "Viti" doctrine, was first enunciated in Viti v. Zoning Board of Reviewof Providence, 92 R.I. 59, 166 A.2d 211 (1960). To obtain a deviation by this standard, the threshold burden a landowner must satisfy is to demonstrate to the zoning board that the denial of the request would have an adverse impact amounting to more than a mere inconvenience. Gara Realty Inc. v. Zoning Board of SouthKingston, 523 A.2d 855 (R.I. 1987); DeStefano v. Zoning Boardof Review of Warwick, 122 R.I. 241, 246, 405 A.2d 1167, 1170 (1979). "More than a mere inconvenience" has been interpreted to mean that an application must show that the relief he or she seeks is reasonably necessary for full enjoyment of the permitted use. DiDonato v. Zoning Board of Review of Johnston,104 R.I. 158, 142 A.2d 416 (1968). DiDonato v. Zoning Board of Review ofJohnston, 104 R.I. 158, 142 A.2d 416 (1968). In other words, a showing that full enjoyment of the permitted use is impaired by matters which merely inconvenience the owner in such enjoyment is not sufficient to justify a grant of relief under this rule.Westminster Corp. v. Zoning Board of Review, 103 R.I. 381, 388, 238 A.2d 353, 358 (1968).
The issue before the Court is whether there is in the record competent evidence demonstrating that full compliance with the height provisions of the ordinance would constitute more than a mere inconvenience adversely affecting full enjoyment of the permitted use. As stated previously, this Court is mindful that when reviewing a decision of a zoning board of review, the Court does not weigh the evidence adduced before the Board. Rather, it is the duty of the Court to examine the entire record to determine whether it contains legally competent evidence to support the decision. After conducting such a review, this Court cannot find that the Board's decision is supported by substantial and legally competent evidence in the record.
Kilberg contends the record contains substantial evidence that the thirty-five (35) foot maximum height limitation constitutes more than a mere inconvenience to his ability to develop additional residential units on the property and to remedy a problem with a leaking roof on Rosedale.[1] This Court finds that the evidence in the record does not support Kilberg's contention.
With respect to the evidence presented at the hearing, testifying on behalf of Kilberg as an expert in architecture was Mr. Riley. Mr. Riley specifically testified as to the reasons for the requested relief. The gravamen of his testimony regarded the topography of the subject property which he described as having an eighteen (18) foot flood elevation. He indicated that said flood elevation along with the thirty-five foot height limitation restricted the development potential of the subject property. This testimony was corroborated by plaintiff's expert, Mr. McGovern. However, Mr. Riley conceded on cross-examination that it is possible to build one-level units while maintaining the height below the thirty-five foot limitation in compliance with the ordinance. Mr. Riley testified that this possibility was rejected, as only multi-level luxury units were desired by Kilberg and not smaller units. Moreover, Mr. Riley conceded that the purpose of the proposed trussed roof on Rosedale was to blend with the style of the two proposed buildings. The evidence contained in the record reveals that without the trussed roof a height deviation would not be necessary for Rosedale.
This Court finds the evidence in the record inadequate to support the decision granting the deviation. To the contrary, the record is absent any proof showing Kilberg would be denied full enjoyment of the permitted use of the property by complying with the height limitation of the ordinance. While this Court is cognizant of the evidence that the development potential of the subject property is limited due to the flood elevation level, the same does not deny Kilberg the full enjoyment of the permitted use of the property and does not rise above the level of a mere inconvenience. In this regard, Mr. McGovern testified as a real estate expert that Kilberg would be able to obtain full enjoyment of the property if he were to comply with the ordinance. Mr. McGovern's testimony clearly established that the permitted use of the property is possible without the relief requested, permitting Kilberg to construct eight (8) or nine (9) additional units on the property. Consequently, this Court finds Kilberg has failed to meet his burden of showing that the compliance with the height limitation would constitute an adverse impact amounting to more than a mere inconvenience.
After a review of the entire record, this Court finds the Board's decision granting the deviation was clearly erroneous in view of the reliable, probative and substantial evidence. Accordingly, the decision of the Board is reversed.
Counsel shall enter judgment in accordance with the above decision.
[1] Evidence in the record indicates that the existing rubber roof on Rosedale leaks.