DECISION
This matter comes before the Court on appeal from a decision of the Town of Jamestown Zoning Board of Review (the "Zoning Board"). The plaintiffs Armand G. Musumeci and Lynne Musumeci (collectively the "Musumecis") seek reversal of the Zoning Board's decision granting defendants Joseph Cannon, Jr. and Gladys L. Cannon (collectively the "Cannons") a dimensional variance to build an addition to an existing house pursuant to Article 6, Sections 606 and 607(2) of the Town of Jamestown Zoning Ordinance (the "Ordinance"). Jurisdiction of this Court is pursuant to G.L. 1956 (1991 Reenactment) § 45-24-69.
 Facts/Travel
The Cannons are owners of reel estate located at 276 Capstan Street, Jamestown, Rhode Island (the "property"). The Musumecis own real estate located adjacent to the Cannons property. The property is located in an R-40 zoning district which requires a minimum lot size of 40,000 square feet and a minimum front yard of 40 feet. However, the property is approximately 23,504 square feet with a front yard of 15 feet. The property lacked the required frontage on a public street as required by Article 3, Section 302, Table 3-2, District Dimensional Regulations of the Ordinance. The Cannons' addition to their home would extend laterally from the existing home parallel with the street line. The front yard would still be maintained at 15 feet with the improvement, but would be located within the 40 feet minimum required under the Ordinance. The Cannons filed an application for a dimensional variance from the frontage requirements to build the addition, a permitted use under the Ordinance.
On or about December 15, 1998, the Zoning Board, by a 5-0 vote, granted the Cannons a dimensional variance. The Zoning Board made the following finding of facts: (1) Said property is located in an R-40 zone and contains 23,504 square feet; (2) 24 neighbors signed a petition in favor of the variance, 2 wrote letters and 4 testified in favor of and four families were abutters; (3) The applicant needs relief to accommodate his family; (4) The garage is below grade and minimally intrusive to the neighbors; (5) The relief is minimal because the relief would still be needed if the workshop and garage were added behind the house; (6) The building official stated it was possible to add the addition behind the existing structure but was not practical; and (7) The amount of setback relief requested is no more than currently exists. The Zoning Board also determined that Article 7, Section 705 did not prohibit the granting of variances for nonconforming structures. However, the Zoning Board placed the following restrictions on the granting of the variances: (1) No plumbing or water will be added to the garage and workshop; and (2) Acoustical insulation will be installed in the workshop to sufficiently minimize noise emanating from said workshop. The Musumecis appeal the foregoing decision.
 Standard of Review
This Court possesses appellate review jurisdiction of the Zoning Board's decision pursuant to G.L. 1956 (1991 Reenactment) § 45-24-69, that states as follows:
 "The court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial tights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are:
 (1) In violation of constitutional, statutory or ordinance provisions;
 (2) In excess of the authority granted to the zoning board of review by statute or ordinance;
 (3) Made upon unlawful procedure,
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
§ 45-24-69(D). The essential function of the Zoning Board is to weigh the evidence presented at the hearing, and it has the discretion to either accept or reject any or all of the evidence.Bellevue Shopping Ctr. Assoc. v. Chase, 574 A.2d 760, 764 (R.I. 1990). This Court must examine and review the entire record to determine whether substantial evidence exists to support the findings of the Zoning Board. Salve Regina College v. Zoning Bd.of Review, 594 A.2d 878, 880 (R.I. 1991) (citing DeStefano v.Zoning Bd. of Review of Warwick, 122 R.I. 241, 245,405 A.2d 1167, 1170 (1979)). "Substantial evidence as used in this context means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion and means an amount more that a scintilla but less than a preponderance." Caswell v. GeorgeSherman Sand and Gravel Co., Inc., 424 A.2d 646, 647 (R.I. 1981) (citing Apostolou v. Genovesi, 120 R.I. 501, 507, 388 A.2d 821, 825 (1978)). Furthermore, this Court may not substitute its judgment for that of the Zoning Board if it can "conscientiously find that the board's decision was supported by substantial evidence in the whole record)" Apostolou, 120 R.I. at 507, 388 A.2d at 825.
 The Application for a Dimensional Variance
A dimensional variance is the "[p]ermission to depart from the dimensional requirements of a zoning ordinance, where the applicant for the requested relief has shown, by evidence upon the record, that there is no other reasonable alternative way to enjoy a legally permitted beneficial use of the subject property unless granted the requested relief from the dimensional regulations. G.L. 1956 (1991 Reenactment) § 45-24-31(61)(b). The conditions for granting a variance can be found in Article 6, Section 606 of the Ordinance, which states as follows:
 "In granting a variance, the zoning board of review shall require that evidence to the satisfaction of the following standards be entered into the record of the proceedings:
 1. That the hardship from which the applicant seeks relief is due to the unique characteristics of the subject land or structure and not to the general characteristics of the surrounding area; and is not due to physical or economic disability of the applicant;
 2. That the hardship is not the result of any prior action of the applicant and does not result primarily from the desire of the applicant to realize greater financial gain;
 3. That the granting of the requested variance will not alter the general character of the surrounding area or impair the intent or purpose of the Ordinance or the Comprehensive Plan upon which the Ordinance is based; and
 4. That the relief to be granted is the least relief necessary.
Additionally, Article 6, Section 607(2) of the Ordinance requires the satisfaction of the following additional restriction prior to granting a dimensional variance:
 "The zoning board of review shall, in addition to the above standards, require that the evidence be entered into the record of the proceedings showing that:
 . . . .
 2. In granting a dimensional variance, that the hardship that will be suffered by the owner of the subject property if the dimensional variance is not granted shall amount to more than a mere inconvenience, which shall mean that there is no other reasonable alternative to enjoy a legally permitted beneficial use of one's property. The fact that a use may be more profitable or that a structure may be more valuable after the relief is granted shall not be grounds for relief"
The language set forth in Sections 606 and 607(2) of the Ordinance mirrors the language contained in (G.L. 1956 (1991 Reenactment) § 45-24-41.
The Musumecis argue that the sole reasons for the Cannons' application for a variance was a desire to increase the living space of their residence to accommodate the needs of their family, and to incorporate an area where Mr. Cannon could perform his woodworking activities. The Musumecis contend that no evidence was presented at the hearing to explain why the Cannons were prohibited from using the lower level of the home for the extended family. The Musumecis maintain that the Cannons have failed to establish that no reasonable alternatives existed to accommodate the foregoing inconveniences. Furthermore, the Musumecis posit that the need for additional living space to accommodate an extended family and a hobby fails to satisfy the test of more than a mere inconvenience. The Musumecis argue that if the Cannons built the addition off the back of the home, the Cannons would not need to seek relief from the Ordinance.
The Musumecis maintain that the testimony also demonstrated that it would be cost effective to build the addition on the side of the home as opposed to the back. The Musumecis assert that cost is not a valid hardship. Additionally, the Musumecis state that the desire to renovate or construct a home in a particular manner must rise to a level of more than redrafting plans or rearranging present living space to satisfy the mere inconvenience standard. The Musumecis contend that the addition on the Cannons' home will result in a structure that is overwhelming for a substandard lot. Additionally, the Cannons filed an application in 1997 proposing the same type of addition, and the same Zoning Board determined that the structure would be unusually large and atypical to the surrounding area. Lastly, the Musumecis assert that the Cannons have the ability to satisfy their increased space demands in a less intrusive manner.
Although the Cannons desired to expand their home for their extended family and Mr. Cannon's woodworking activities, the Cannons argue that the reason for the addition is distinguishable from the reason for the variance. The Cannons assert that expert testimony demonstrated that no reasonable alternative existed to allow the Cannons full enjoyment of the permitted use of a single-family residence. The Cannons acknowledge that a mere personal desire for a larger home does not rise to the level of a mere inconvenience, however, less than full enjoyment of a permitted use does. The Cannons maintain that the Zoning Board determined that the building of the addition on the back of the home was possible but not practical. Thus, no reasonable alternative existed for the Cannons to enjoy a permitted use of the property. The Cannons also state that the testimony did not indicate their hardship arose from an economic concern, but that the addition was guided by design factors which also made sense from a cost perspective. The design reflected the unique characteristics of the lot. The Cannons argue that a real estate expert testified that the proposal was consistent with the intent of the Ordinance and the Comprehensive Plan. The size of the home with the addition is allowed by the Ordinance. The Cannons contend that the Zoning Board construed the Ordinance to allow dimensional variances for alterations to nonconforming structures. The Cannons also assert that the testimony presented at the hearing demonstrated that the building of the addition did not increase the nonconformity already in existence.
The issue in this matter is whether or not sufficient evidence was presented at the hearing to support the Zoning Board's decision granting the Cannons a dimensional variance in conformity with the provisions of Article 6, Sections 606 and 607(2) of the Ordinance. The record indicates that the Cannons' hardship exists from the construction of the home in its present location by another party. Although the Musumecis argue that the Cannons' hardship is financial, the record indicates that the expert testified about costs relative to the design of the addition, and not to the economic disability of the Cannons. The record also indicates that the Cannons hardship is not the result of any prior action taken by the Cannons or from the desire of the Cannons to realize greater financial gain. The record demonstrated that the granting of the Cannons' variance would not alter the general character of the area or impair the intent or purpose of the Ordinance. The Zoning Board specifically found that the amount of the setback relief requested by the Cannons was not more than what was already in existence. Additionally, the Zoning Board believed that the relief to be granted was the least relief necessary as it found that the placement of the addition in the back of the Cannons' home would not be practical.
In obtaining a deviation, the Cannons need only demonstrate "an adverse impact amounting to more than a mere inconvenience."Felicio v. Fleury, 557 A.2d 480, 482 (R.I. 1989) (citations omitted). The evidence contained in the record demonstrated that the denial of the Cannons' variance would amount to more than a mere inconvenience. Although the Musumecis argue that the variance is being sought for personal reasons, the testimony at the hearing demonstrated that the house was below the market standard due to its small size. Without the requested dimensional relief the Cannons would be unable to achieve the frill enjoyment of a permitted use. Didonato v. Zoning Bd. of Review of Johnston,104 R.I. 158, 164-65, 242 A.2d, 416, 420 (1968) (suffering a personal inconvenience is not more than mere inconvenience unless the applicant is unable to "show that the relief he is seeking is reasonably necessary for the full enjoyment of his permitted use").
This Court will not substitute its own judgment for that of the Zoning Board. G.L. 1956 (1991 Reenactment) § 45-24-69(D). The record contains substantial evidence that a reasonable mind would accept as adequate to support the decision of the Zoning Board.Apostolou, 120 R.I. at 507, 388 A.2d at 825. The evidence in this mater indicates that the decision of the Zoning Board was not "clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record," or "arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion)" G.L. 1956 (1991 Reenactment) § 45-24-69(D)(5) and (6).
After a review of the entire record, including documents, exhibits, transcripts, and memoranda, this Court finds that the Zoning Board had competent evidence before them to grant the dimensional variance to the Cannons. Accordingly, the decision of the Zoning Board is hereby affirmed.
Counsel shall submit an appropriate order for entry.