DECISION
Edward J. Prasol and Leonora Prasol ("Appellants") appeal the April 21, 2010 decision of the Charlestown Zoning Board of Review. In that decision, the Board granted Randall Rifelli, their neighboring property owner, a Dimensional Variance under Charlestown Zoning Ordinance, Article IV, Section 218-26 and 218-33. Mr. Rifelli seeks to demolish and replace his 1959 single family dwelling located at 43 East Shore Drive, in Charlestown. This Court has jurisdiction pursuant to G.L. 1956 § 45-24-69. For the reasons set forth below, the Board's decision is hereby affirmed. *Page 2 
 I FACTS AND TRAVEL
Randall Rifelli, the applicant for variance in this case, owns the parcel of land located at 43 East Shore Road in Charlestown. Appellee's Brief, p. 1. The dwelling is a single family home in an R-20 zoning district. It was built in 1959 with 525 square feet of interior living space and an open-air deck of 244 square feet. Id at 2. The property is dimensionally nonconforming in several respects. Although a minimum lot size of 20,000 is required in an R-20 district, Mr. Rifelli's parcel is 7,400 square feet. Id.; Charlestown Zoning Ordinance § 218-33. Additionally, the property is currently located 15.5 feet back from the front lot line, although 30 feet is required; 15 feet from the left side line, while 12 feet is required; and 9 feet from the right side line where 12 feet is required. Charlestown Zoning Ordinance, § 218-41.
The relief requested by Mr. Rifelli is a 14.5 foot dimensional variance at the front yard setback and a variance for the left side of the home as Mr. Rifelli proposed building a set of stairs to access the dwelling. Currently, the home is located nine feet from the Prasol boundary, to the right of Mr. Rifelli's house when viewed from the street. It is located 15 feet from the left side line. The proposed house, on the other hand, would be located 9 feet from the left side line, thus requiring a 3-foot variance from the dimensional requirements for sideline setbacks under Section 218-41 of the Charlestown Ordinance. The proposed home would comply with the 12 foot side setback on the right side, at the Prasol boundary. The new dwelling would be located at the same front setback line as the existing dwelling. (Tr. 15-22). *Page 3 
Soon after purchasing the property, Mr. Rifelli hired a surveying company to design a new septic system to replace the existing cesspool on the property. Appellee's Brief, p. 3. In the course of the permitting process for installing the new septic system, the DEM's Administrative Adjudication Division reached a consent agreement with Mr. and Mrs. Rifelli in which they agreed to impose a one bedroom recorded deed restriction on the property (Tr. 3/16/10, p. 11-12).
Mr. Rifelli filed a petition for a dimensional variance in order to demolish the existing one-story 21 x 25 foot house (with a 525 square foot footprint) and the wraparound deck of 244 square feet. In its place, Mr. Rifelli proposed to build a two-story 26 x 34 foot house (with a footprint of 884 square feet). The Board held properly noticed public hearings regarding the variance petition.
During the Charlestown Zoning Board hearing, Mr. Rifelli testified that there is no parking garage in the current house, nor is there storage space. (Tr. 3/16/10, p. 14) The existing house cannot be renovated as it is structurally unsound. (Tr. 3/16/10, p. 15) Mr. Rifelli testified that he wished to begin using the house year round (Tr. 3/16/10, p. 55), and build an office to work in.
Paul Natale, a local building designer and builder, testified on Mr. Rifelli's behalf. Mr. Natale testified that any renovation of the house would require removal of the dwelling's foundation to bring it in compliance with code. (Tr. 3/16/10, p. 91) Mr. Natale explained that it would be possible to bring the home up to date with the building code without destroying it, but that it would be an extremely expensive endeavor. Id. He expounded on that point, stating: "The foundation would have to come out any way. If I had to touch this house, at this point, I would still need variances." Id. "Mr. Natale" *Page 4 
testified that while it would be possible to destroy the foundation and rebuild a practical replica of the old home on the same lot only 30 feet back, this would require permanently destroying the outside deck.
 II STANDARD OF REVIEW
The standard by which a Superior Court is to review a decision of a zoning board is clearly set out within the Rhode Island General Laws. Upon review, the Superior Court "shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact." G.L. 1956 § 45-24-69(d). This is because "a zoning board of review is presumed to have knowledge concerning those matters which are related to an effective administration of the zoning ordinance." Cohen v. Duncan, 970 A.2d 550, 561 (R.I. 2009) (quoting Pawtucket Transfer Operations, LLC v. City ofPawtucket, 944 A.2d 855, 859 (R.I. 2008)).
A reviewing court "must examine the entire record to determine whether `substantial' evidence exists to support the [zoning] board's findings."Salve Regina Coll. v. Zoning Bd. of Review of City of Newport,594 A.2d 878, 880 (R.I. 1991) (quoting DeStefano v. Zoning Bd. ofReview or Warwick, 122 R.I. 241, 245, 405 A.2d 1167, 1170 (1979)).
 III DISCUSSION
Mr. and Mrs. Prasol suggest that Mr. Rifelli should not be allowed a dimensional variance to change their home, and should be required to apply for a special use permit. The Prasols contend that the proposed dwelling will be too large and will not fit in with *Page 5 
the rest of the neighborhood. They also claim the Zoning Board based its decision on an "erroneous understanding of the burden" of an applicant for dimensional variance.
 A
The Board's Decision
The General Assembly has mandated that "the zoning board of review shall include in its decision all findings of fact . . ." G.L. 1956 § 45-24-61(a). In effectuating this mandate, our Supreme Court "has long held that "a zoning board of review is required to make findings of fact and conclusions of law in support of its decisions in order that such decisions may be susceptible of judicial review."Von Bernuth v. Zoning Board of Review of New Shoreham,770 A.2d 396, 401 (R.I. 2001). Mr. and Mrs. Prasol do not challenge the adequacy of fact finding or legal conclusions drawn in the decision. The Court finds that the Decision complies with § 45-24-61(a) because it sets forth the findings of fact that the Board relied on in granting the variance in sufficient detail.
 B Sufficiency of the Evidence
In 2002, the General Assembly amended the Rhode Island Zoning Enabling Act. See P.L. 2002, ch. 384, § 1. Therefore, dimensional variance applicants must once again show that any hardship caused by the denial of the request for dimensional relief amounts to "more than a mere inconvenience." Section 45-25-51(d)(2).[1] Dimensional variance applicants bear the burden of proving this inconvenience based on the evidence in the record. Von Bernuth, 770 A.2d at 401. Specifically, the Supreme Court has found that an applicant must demonstrate the "relief he is seeking is reasonably necessary for the *Page 6 
full enjoyment of his permitted use." DiDonato v. Zoning Board ofReview of Johnston, 104 R.I. 158 (1968). A dimensional variance is defined in § 45-24-31(61)(ii) as:
 Permission to depart from the dimensional requirements of a zoning ordinance, where the applicant for the requested relief has shown by evidence upon the record, that there is no other reasonable alternative way to enjoy a legally permitted beneficial use of the subject property unless granted the requested relief from the dimensional regulations.
Furthermore, as a matter of R.I.G.L. § 45-24-41(c), variance applicants must present evidence to a zoning board of review demonstrating the following factors:
 1) That the hardship from which the applicant seeks relief is due to the unique characteristics of the subject land or structure and not to the general characteristics of the surrounding area; and is not due to a physical or economic disability of the applicant,
 2) That the hardship is not the result of any prior action of the applicant and does not result primarily from the desire of the applicant to realize greater financial gain;
 3) That the granting of the requested variance will not alter the general character of the surrounding area or impair the intent or purpose of the zoning ordinance or the comprehensive plan upon which the ordinance is based; and
 4) That the relief to be granted is the least relief necessary.
The Zoning Board must apply these factors in weighing its decision.
In the instant case, the Board found sufficient evidence existed to conclude that a denial of a dimensional variance would amount to more than a mere inconvenience. The Board found that Mr. Rifelli should be allowed to demolish and reconstruct the dwelling as proposed.
Regarding the Prasols' point that the proposed dwelling was too large, one Board member stated during the hearing "They [the Rifellis] are not talking about lot coverage. *Page 7 
You're stating there is too much lot coverage and there's runoff. It meets regulations." (Tr. 4/20/10, p. 37). Members of the Board then suggested that the more significant issue that should be focused on was the proposed home being 15.5 feet away from the front yard line, as opposed to the 30 feet required by the Ordinance. Id Additionally, the Board considered whether to grant a three-foot variance for the left side of the home for stairs to be built. The Board found after hearing and weighing the evidence before them, that the Rifellis "are looking to bring the house to today's building codes, specifications, requirements which I would state would be a benefit to the neighbors as well as the inhabitants [sic]." (Tr. 4/20/10, p. 73)
Finally, at the end of the Board hearing, Mr. Dreczko, a member of the Board, discussed specific findings of fact. (Tr. 4/20/10, p. 75) He noted that an abutter provided testimony in favor of the application which was particularly helpful to his decision. Mr. Dreczko further explained that he would grant the dimensional variance because the proposed changes would allow the home to fit in with the neighborhood generally considering the fact that many of the homes in the East Shore Road neighborhood sit a similar distance off the road,supra, at 76. The board then adopted the findings and approved the application, supra, p. 79.
The Board did not clearly err in its factual findings and conclusions of law. First, the Board found that evidence confirmed that the applicant's hardship was in fact due to the unique characteristics of their land, specifically, the required location of the septic system. Second, based on the evidence, the hardship was not the result of the applicants' prior actions. Third, based on the abutter's testimony as well as evidence that the proposed structure is in keeping with the size of homes in the surrounding neighborhood, *Page 8 
the Board properly found that granting the dimensional variance would not alter the general character of the neighborhood. Finally, the Board was convinced that the proposal provided for the least relief necessary, especially considering how much Mr. Rifelli had been willing to comply with the Prasols' demands. Specifically, Mr. Rifelli met the Prasols' demands at least partially by agreeing to remove the shower that they had originally intended to build on the right side of the new home. As the Board states in its decision, this concession resolved the setback issue on the Prasol's die. Mr. Rifelli's concession to build the stairs to the minimum code requirement of three feet instead of four feet resolved another foot of relief on the left side of the lot.
The Zoning Board did not abuse its discretion as it based its decision on the testimony it found to be credible and trustworthy. Such testimony included Mr. Natale's finding that 26 feet is the minimum width necessary for this type of home. (Tr. 3/16/2010, p. 71) The Board also considered the fact that 50% or more of the existing structure must be replaced to be brought up to code. Based on these factors and more, the Board agreed that Mr. Rifelli would suffer more than a mere inconvenience without the variance because they would be unable to repair, improve, or upgrade the structure properly. This Court finds that the Board based its conclusions of law on probative and reliable evidence.
 IV CONCLUSION
After reviewing the entire record, this Court is satisfied that the Zoning Board had competent evidence before it to grant Mr. Rifelli's request for a dimensional variance. Based upon the foregoing, this Court affirms the April 21, 2010 decision of the Zoning *Page 9 
Board of the Town of Charlestown. The appeal is denied. Counsel for the prevailing parties shall prepare a Judgment consistent with this Court's decision.
[1] The burden for obtaining a dimensional variance, set by the revised statute was similar to that previously applied in Viti v.Zoning Board of Review of Providence, 166 A.2d 211 (R.I. 1960). *Page 1