232 A.2d 362.

RICHARD S. SLAWSON *et ux. vs.* ZONING BOARD OF REVIEW OF THE TOWN OF BARRINGTON.

JULY 24, 1967.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

POWERS, J. This is a petition for certiorari which seeks to quash a decision of the Barrington zoning board of review granting an application for relief for two lots from the street frontage requirements of land located in an A residence zone. The writ issued and in compliance therewith the pertinent records were duly certified to this court for our examination.

It appears therefrom that William F. and Gertrude Britton, hereinafter called applicants, are, and for years have been, the owners of an improved parcel of land located on the westerly side of New Meadow Road in the town of Barrington. The land in question runs generally north and south with a frontage of 246.5 feet on said New Meadow Road, and has an area of some 70,840 square feet. The applicants' home is located on the northern portion of the parcel in question.

In 1961, applicants applied to the Barrington planning board for permission to subdivide the subject parcel into two lots. They were motivated by a desire to provide a lot on which to build a home for their son. The division they proposed would create one lot with a frontage of 125 feet on New Meadow Road, which lot would have a total area of 40,220 square feet, and a second lot with a frontage of 121.5 feet and a total area of 30,620 square feet. It was on this second proposed lot that applicants' son's home would be built.

At that time, lots in an A residence zone were required by the prevailing ordinance to have a minimum frontage of 125 feet and a total area of 15,000 square feet.

The planning board appears to have been favorably disposed, but pursuant to a Barrington ordinance, referred

the application to the zoning board of review for approval. The application was duly advertised and a public hearing was held November 16, 1961. Consistent with the public notice, the board treated the application as one for the division of the parcel into the two lots requested, and voted to approve. Thereupon, the instant petitioners sought review of such decision in this court by way of certiorari.

They contended, relying on *Noonan* v. *Zoning Board of Review,* 90 R. I. 466, 159 A.2d 606, that zoning boards of review are without jurisdiction to authorize the division of land, such jurisdiction being vested in the planning commission created by an ordinance adopted pursuant to the provisions of G. L. 1956, chap. 23 of title 45.

We agreed and quashed the decision of the board of review, without prejudice, however, to applicants to seek the relief sought in appropriate proceedings. *Slawson* v. *Zoning Board of Review,* 100 R. I. 485, 217 A.2d 92.

However, it now appears that while the cause was pending in this court, the Barrington town council on October 11, 1965, amended the zoning ordinance so as to require a minimum of 150 feet frontage and 25,000 square feet in total area for each lot in an A residence district. Notwithstanding these new regulations, applicants on April 26, 1966, recorded in the land records of Barrington, a plat showing a division of the subject parcel into lot A with a frontage of 125 feet and a total area of 40,220 square feet, and lot B with a frontage of 121.50 feet and a total area of 30,620 square feet.

Thereafter applicants applied to respondent board for relief from the frontage requirement of 150 feet and, due notice having been given, a hearing on said application was held on September 15, 1966. The applicant, William F. Britton, appeared and informed the board that he sought to be relieved from the frontage requirement so that a house might be built on the smaller lot B for the use of his son and his family or, in the alternative, by applicants, in

which event their son and his family would occupy applicants' present house.

Ellsworth V. Stanley, a civil engineer, also appeared for applicants and testified that he had prepared the plat, dividing the parcel into the two lots so that applicants could again seek the relief sought in November of 1961.

After considering the case presented by applicants and the objections of several remonstrants, the board voted to grant the application and from that decision petitioners came to this court for a review thereof, pursuant to the provisions of G. L. 1956, §45-24-20.

In reaching their decision, the board found in substance: that, on the basis of their personal knowledge, applicants' lots A and B had a frontage equal to that of other lots in the same neighborhood; that to deny the application would deprive applicants of all beneficial use of a large part of their land; that each of the two lots contained considerably more than the 25,000 square feet area requirement; and that granting the application would not be contrary to the public interest.

The petitioners again challenge the board's jurisdiction on the ground that the relief sought is in fact an application for permission to divide applicants' property into two parcels, held by us to be ultra vires in *Slawson* v. *Zoning Board of Review, supra*.

They also argue that if such is not the case, the decision of the board is nevertheless illegal for the reason that there is no evidence competent to support the grant of an exception under the ordinance, nor a variance as authorized by the enabling act.

Whether any of these contentions has merit, however, we need not inquire in the view we take of their further contention, namely, that the hardship purportedly imposed by the adoption of the amendment to the ordinance and from which applicants seek to be relieved, actually results not

from the amendment to the ordinance, but from applicants' division of the land after the amendment was adopted—this being a classic example of hardship self created.

The powers of boards of review to grant variances pursuant to the provisions of G. L. 1956, §45-24-19(c), or exceptions pursuant to the provisions of a local ordinance are designed to provide a landowner with a means of having his property relieved from the terms of an ordinance, with which terms the property in question cannot conform at the time such terms became effective. They are not intended as a method of sanctioning conditions which do not conform, for the reason that such conditions were brought about by the landowner subsequent to the adoption of the zoning regulations. See *Denton* v. *Zoning Board of Review,* 86 R. I. 219, 133 A.2d 718, *Saravo Brothers Constr. Co.* v. *Zoning Board of Review,* 102 R. I. 442, 231 A.2d 9, and *Moschetti* v. *Zoning Board of Review,* 102 R. I. 532, 231 A.2d 783.

The division of the land by applicants in a manner which rendered substandard a lot on which a dwelling was presently situated is a circumstance which constitutes a violation of existing ordinance provisions readily distinguishable from a situation where the enactment of a zoning ordinance or an amendment to an ordinance already in existence imposes on a parcel of land a restriction to which it was not previously subject. Quite apart from relieving the smaller of the lots from the frontage requirement of the amended ordinance, the instant application seeks approval of a willful violation of a presumably valid amendment to the ordinance affecting the lot on which applicants' home is located. In such circumstances it was not for the board to sanction a deliberate disregard of what the local legislature had ordained in the interest of the public health, safety and general welfare.

In adopting the amendment of October 11, 1965, the

Barrington town council predicated their action on a statement of public policy which in pertinent part reads as follows:

> "The Town Council is aware of the serious problems of drainage and sewage disposal which would become more acute without the passage of this amendment controlling the density of population. This amendment will provide for an orderly growth of the Town in a healthy environment with adequate provision of the many municipal services required by the public."

If, from a reading of the board's decision, it is argued that the amendment is arbitrary in that both substandard lots have as much or even more street frontage than do many, if not most, of the lots in an A zone, such objection should properly be addressed to the superior court in an attack on the ordinance and not by way of appeal to the zoning board of review. *R. I. Home Builders, Inc.* v. *Hunt*, 74 R. I. 255, 60 A.2d 496.

The petition for certiorari is granted, the decision of the board is quashed, and the records certified are ordered returned to the respondent board with our decision endorsed thereon.

*Francis J. Maguire*, for petitioners.

*Graham, Reid, Ewing & Stapleton, James A. Jackson*, for respondent.