[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This is an appeal under G.L. 1956 (1980 Reenactment) §45-24-20 from a decision of the Zoning Board of Review of the Town of Cumberland (hereinafter, "the Board"). On November 14, 1984, the Board denied the plaintiff's application for relief from the front, side and rear yard setback requirements of the Zoning ordinance of the Town of Cumberland. The plaintiff asked for that relief so that she could erect a dwelling house on a parcel of land she purchased in the Town of Cumberland.
The plaintiff acquired a narrow strip of land lying between two platted streets, Albion Road and Nixon Street, in the Town of Cumberland. Her lot is three hundred and forty-five feet long at its greatest length, and approximately forty-one feet wide at its widest point. The Court infers that when the other lots in this neighborhood to the east of Albion Road were laid out and platted along with the streets, this sliver was "left over."Transcript, p. 4. Accordingly, although it appears as a piece of land on the recorded plat, it does not have a lot number. The defendant claims that it was originally intended by the developer to be an undeveloped "island" between the two public ways.
The lot is nevertheless zoned R-AA (Single-family, residential), which requires a forty-foot front setback and a twenty-four-foot backyard. It is literally impossible for any dwelling to be constructed on the lot with a front on either street, since the combined front and rear yard setback requirements together come to sixty-four feet, and the lot is only forty-one feet deep at its widest.
It is not, however, physically impossible to construct a dwelling on the lot, itself, since twenty or twenty-four feet of depth is all that is ordinarily required as a practical matter for a single-family dwelling house. (Trans. pp. 2, 4, 5, 14). The plaintiff seeks to use her land for a permitted use, but for the zoning ordinance not otherwise illegal.
It is axiomatic that a landowner will be relieved from the strict application of a zoning ordinance by a variance where such application will deny him or her of all beneficial use of the land. Westminster Corp. v. Zoning Board of Review,103 R.I. 381, 238 A.2d 353 (1968). There is no question in this case that the plaintiff is denied all beneficial use of her land because of the strict requirements of the ordinance. Even if the plaintiff did not meet the unnecessary hardship standard which would entitle her to a variance under G.L. 1956 (1980 Reenactment) §45-24-19(c), she would ordinarily be entitled to a deviation from the lot size regulations under the so-called "Viti" doctrine.Viti v. Zoning Board of Review, 92 R.I. 59, 64-65,166 A.2d 211, 213 (1960). An applicant will be entitled to a deviation from regulations that govern the enjoyment of a permitted use upon a demonstration that the effect of the enforcement of such regulations will amount to something more than a mere inconvenience. Rozes v. Smith, 120 R.I. 515, 519, 388 A.2d 816
(1978). This Court finds that not being able to build any size dwelling on a residential lot is clearly more than a mere inconvenience.
The Board denied relief on the ground that the lot was not in conformity with the neighborhood. The Board is undoubtedly correct in that finding of fact. The lot shape is so far out of conformity with the neighborhood as to be downright bizarre. But, neither the building inspector nor the Board found that the lot was unbuildable. Accordingly, those particular grounds for denial are not legally adequate in law. See, Lincourt v. Zoning Boardof Review, 98 R.I. 305, 201 A.2d 482 (1964). Nor is there any finding that the proposed variance would be contrary to the public interest.
Nevertheless, the Board, on appeal, argues that the plaintiff's hardship and inconvenience is self-imposed. It points out that this irregularly-shaped lot was created by the original developer when the land was platted into streets and house-lotsafter the zoning ordinance now in effect was adopted. In such a case the original developer would not have been entitled to an area variance according to Rozes v. Smith, supra, at 521, quoting from 3 Anderson, American Law of Zoning, § 18.57 at 299-300 (2nd Ed. 1977):
 ". . . a variance may not be granted to the owner of a sub-standard lot where such lot was created by the deliberate conduct of the applicant. * * * An area variance may not be granted to solve the problem of an applicant who sub-divided his land and sold portions of it, retaining a sub-standard lot, who wishes to subdivide a lot to create both a standard and a sub-standard lot, or who proposed to divide his property into two sub-standard proposals." (Emphasis by the Court omitted.)
Ordinarily, the fact that a purchaser of land knows at the time of the purchase that the land is subject to zoning restrictions will not bar granting a variation, provided there is a showing of unnecessary hardship. Denton v. Zoning Board ofReview of Warwick, 86 R.I. 219, 133 A.2d 718 (1957). It is not clear from the opinion in the Denton case whether the under-sized lot was in existence prior to the enactment of the size limitation in the pertinent ordinance. The purpose of a variance is to prevent a confiscation of a land-owner's property by the enactment of the ordinance. The variance procedure will permit some use of land which the ordinance would otherwise render substantially useless. A parcel of land, which is created after the enactment of the ordinance, cannot be regarded as confiscated by the enactment of the ordinance. As the Supreme Court pointed out in Rozes, the creator must live with his creation. It is not the ordinance which causes the hardship, it is the creation of the lot. See, Slawson v. Zoning Board ofReview of Barrington, 102 R.I. 552, 232 A.2d 362 (1967).
The denial of relief for self-created hardships under zoning ordinances must extend to knowing successors of the original creators of the hardship. As has been pointed out, the Denton
case does not hold to the contrary. The question is not whether the applicant knew that the lot was substandard under the ordinance when she purchased it, but whether she knew that the lot was substandard when it was created. Since the date of enactment of the provisions of the ordinance and the date of recording the plat are matters of record and the plaintiff is an attorney at law, that knowledge must be imputed to her. Since she took title to this lot with knowledge that it was created subject to zoning limitations she is not entitled to relief from those limitations. If the rule were otherwise, the rule denying relief from self-imposed hardships by sub-division of land would be meaningless. Generally a land-owner divides his land in order to dispose of some portion or portions of it. If subsequent takers will own the land free of the limitation of a self-imposed hardship, this Court feels that the regulatory force of area limitations under zoning ordinances will be substantially weakened, since every such taker will be able to demonstrate sufficient inconvenience as to give rise to a Viti deviation.
It would have greatly assisted this Court on appeal if the Board had more clearly in its decision stated the legal grounds of its decision and the facts upon which it relied in reaching its conclusion. The Board argues on appeal that the variance is contrary to the public interest, but it made no such finding. The Board pointed to no facts in its decision regarding traffic, aesthetics, highway safety or otherwise which would support such a conclusion. This Court would have been inclined to affirm a finding that this variance is contrary to the public interest if such a finding had been made and if facts based on the record or the Board's special knowledge had been specified in support of such a finding.
Under all the circumstances, the judgment will be that the decision of the Board will be affirmed on the ground that the plaintiffs hardship and inconvenience is self-imposed.