[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This is an appeal from a decision of the Zoning Board of Review of the Town of North Kingstown. Jurisdiction in this court is pursuant to G.L. 1956 (1991 Reenactment) § 45-24-20.
FACTS/TRAVEL
The plaintiffs, Glenn and Ann McCrory ("plaintiffs"), are owners of a parcel of land located in the Town of North Kingstown and designated as Lot No. 4 on Assessor's Plat No. 177. The defendants are members of the Zoning Board of Review for the Town of North Kingstown ("Board"). The subject property is in a district zoned Heavy Business and contains two structures. The main building on the property houses plaintiffs' auto body business. The smaller building, which is the subject matter of this appeal, is a two story office building. The westerly boundary of plaintiffs' property abuts property in the Town of East Greenwich. The abutting property is zoned under the East Greenwich Zoning Ordinance as an F-1 Farming district which permits farming and residential uses.
The record reveals that plaintiffs received a building permit from the Town of North Kingstown Building Inspector to construct an office building on the west end of their property. (Tr. at 28). At some point after construction was underway, a dispute arose between the plaintiffs and an abutter, Mr. Savarese, over the location of their mutual boundary. (Tr. at 35). A new survey revealed that plaintiffs' structure was much closer to the property line than displayed in the original survey, but did not cross the property line.[1] Consequently, a question arose concerning plaintiffs' compliance with minimum side yard requirements. (Tr. at 35).
On July 27, 1988 the plaintiffs filed an application for a side-line variance with the defendant zoning board. The Board considered plaintiffs' application at hearings on January 10, January 18, April 11, and May 23, 1989. The plaintiffs were represented by counsel at the hearings. The Board heard testimony of Mr. Savarese, the only objector, as well as the Building Inspector and a member of the Planning Department. The objection of Mr. Savarese was withdrawn at the May 23, 1989 hearing.
On May 23, 1989 the Board entertained a motion to grant plaintiffs' application for a variance. (Tr. at 62). The motion received three votes, one short of the four necessary to grant a variance. Consequently, plaintiffs' application for a variance was denied. On June 27, 1989 the plaintiffs filed a complaint appealing the Board's decision to this Court.
Standard of Review
Superior Court review of a zoning board decision is controlled by G.L. 1956 (1991 Reenactment) § 45-24-20(d) which provides:
 45-24-20. Appeals to Superior Court
 (d) The court shall not substitute its judgment for that of the zoning board as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are: (1) in violation of constitutional, statutory or ordinance provisions; (2) in excess of the authority granted to the zoning board by statute or ordinance; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative and substantial evidence of the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
It is well-settled that on review the Superior Court may not substitute its judgment for that of the zoning board if it can conscientiously find that the Board's decision was supported by substantial evidence in the whole record. Apostolou v.Genovesi, 120 R.I. 501, 506, 388 A.2d 821, 824 (1978). Substantial evidence is that which is more than a scintilla but less than a preponderance. Id. at 508, 388 A.2d at 825. It is such relevant evidence as a reasonable person would recognize as adequate to support a conclusion. Id. at 508, 388 A.2d at 825.
On appeal, the plaintiffs contend that the decision of the Board is not supported by substantial evidence. Plaintiffs argue that they have met their burden of proving that the denial of the variance will result in more than a mere inconvenience to them. Specifically, plaintiffs argue that denial of the variance will require plaintiffs to demolish their building and reconstruct it less than twenty feet from its present location. Additionally, plaintiffs assert that this is not a case of self-imposed hardship since plaintiffs built in reliance on a building permit granted by the North Kingstown Building Inspector.
In response to plaintiffs' arguments, the Board argues that plaintiffs failed to sustain their burden of proof by failing to show they would be subjected to hardship that amounted to more than a more inconvenience. Additionally, the Board argues that any hardship suffered by the plaintiffs was self-created and should not be grounds for relief from the side-lines requirements. Finally, the Board asserts that its decision is supported by substantial, competent evidence in the record.
Initially, this Court must note that the record on appeal is incomplete. The Zoning Board has not met its obligations under G.L. 1956 (1991 Reenactment) § 45-24-20(a) to file with this Court the original documents acted upon by it. The Court has repeatedly held that zoning boards should make express findings of fact and point out the specific evidence upon which they based their findings. See Hopf v. Board of Review of the City ofNewport, 102 R.I. 275, 288, 230 A.2d 420, 428 (1967). Zoning boards that fail to comply with such obligations run the risk of reversal if the court is unable to find sufficient grounds for the decision. Id. at 289, 230 A.2d at 428. Generally, this Court will not search the record to find supporting evidence for the Board's decision. Irish Partnership v. Rommel,518 A.2d 356, 359 (R.I. 1986).
In this case, though, the Court has been able to ascertain from the incomplete record, the reasons for the Board's decision.See Richards v. Zoning Board of Review of the City ofProvidence, 100 R.I. 212, 220, 213 A.2d 814, 818 (1965). The Court is aided by the extensive stenographic transcript of the Board's May 23, 1989 hearing and the copy of the survey map viewed by the Board which was submitted by the plaintiffs. To remand the case to the Board at this point in the proceeding would do little to elucidate the issues and would subject the parties to even greater delay. Roger Williams College v.Gallison, 572 A.2d 61, 63 (R.I. 1990).
Next, the record reveals the Board's concern over the application of the Town of East Greenwich's dimensional regulations. Article IV, § 21-86(b) of the North KingstownZoning Ordinance provides that "[a]ny business use which abuts a residential district shall maintain the same building yard distance from side or rear yard lot lines as proscribed in that residential district." The subject property abuts an East Greenwich lot which is zoned F-1 Farming. Article I, § 2 of theEast Greenwich Zoning Ordinance defines an F-1 Farming zone as a "district composed of agricultural uses, certain low density residential areas, plus certain open areas where similar residential development appears likely to occur." This is very similar to a rural zone which is considered a residential district under Article II, § 21-36 of the North Kingstown ZoningOrdinance. This court is satisfied that it was not an error of law for the Board to find that the East Greenwich F-1 Farming was analogous to a North Kingstown residential district as described by Article IV, § 21-86 of the North Kingstown Zoning Ordinance.
This Court is satisfied that it was not an error of law for the Board to consider the dimensional requirements of an abutting town zoning ordinance when reviewing an application for a variance on property that abuts the neighboring town. Courts from other jurisdictions which have addressed the issue, have found that to ignore the interests of neighboring municipalities makes "a mockery of the principles of zoning." Cresskill v. Dumant,15 N.J. 238, 104 A.2d 441, 446 (1954); see also Quinton v.Edison Park Dev. Corp., 59 N.J. 571, 285 A.2d 5, 9 (1971). This Court also notes that G.L. 1956 (1991 Reenactment) § 45-24-4.2 which requires notice be sent to "[t]he city or town council of any city or town, the boundary of which is within an area that might be affected . . . by any proceedings before the zoning board or board of review of any adjoining city or town. . . ." evidences a legislative intent to compel zoning boards to consider the objections of neighboring municipalities when making zoning decisions. The Board did not err in considering East Greenwich's side-line requirements when reviewing plaintiffs' application.[2]
Plaintiffs seeks relief in the form of a variance from restrictions governing a permitted use. Such relief is a Viti
variance. Viti v. Zoning Board of Review of Providence,92 R.I. 59, 166 A.2d 211 (1960). To obtain such relief, the applicant's burden is to demonstrate the enforcement of a particular regulation will amount to "something more than a mere inconvenience." Rozes v. Smith, 120 R.I. 515, 519,388 A.2d 816, 819 (1978). Plaintiffs contend that they will be subjected to hardship if the variance is denied as they will have to relocate an already constructed structure a few feet from where it presently stands. The Board asserts that absent the construction of the building the plaintiffs have not demonstrated any hardship. Alternatively, they argue that any hardship the plaintiffs have demonstrated has been self-created.
This Court is mindful that a variance is not intended as a method of sanctioning conditions which do not conform when such conditions were brought about by the landowner subsequent to the adoption of the regulations. Slawson v. Zoning Board of Reviewof the Town of Barrington, 102 R.I. 552, 556, 232 A.2d 362, 364 (1967). Furthermore, this court is mindful that economic impracticability does not by itself amount to more than a mere inconvenience so as to warrant a variance. Rozes, supra, at 521, 388 A.2d at 820. However, where, as in this case, the plaintiff has incurred substantial expense because of good faith reliance on an apparently valid permit, equitable considerations mandate that the permit not be cancelled. Jones v. Rommel,521 A.2d 543, 545 (R.I. 1987).
This Court is satisfied that equitable considerations are warranted in the case at bar. The record is devoid of any competent evidence concerning bad faith on the part of the plaintiffs. Additionally, there was much dispute at the hearings about whether a variance was necessary or whether the property in its present state complies with the zoning ordinance. Only when the property's relationship to the Town of East Greenwich is taken into consideration does a variance become necessary. Finally, the record reveals that no one voiced objection to the construction of the building in its present location. In view of these factors, this Court is satisfied that the plaintiff has met its burden of demonstrating hardship and equitable considerations warrant reversal of the Board's decision.
After a review of the whole record, this Court finds that the decision of the Board is clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record. Accordingly, the decision of the Zoning Board of Review of the Town of North Kingstown is reversed.
Counsel shall prepare an appropriate order for entry.
[1] Although there was some discussion over the accuracy of the second survey, it is clear from the transcript of the hearing that the Board accepted this survey as indicative of the boundary lines in question. (Tr. at 24). See also Memorandum of Plaintiffs, Exhibit A.
[2] It appears from the record that the Board imposed a twenty foot side yard requirement. It is unclear to this Court how this number was derived. Art. IV of the East Greenwich ZoningOrdinance requires a 30 foot side yard in an F-1 zone. Art. II, § 21-36 of the North Kingstown Zoning Ordinance mandates a 35 foot side yard in a residential district. Since the side yard requirement applied by the Board was only 20 feet, the substantial rights of the plaintiff have not been prejudiced by such an error.