DECISION
Before this Court is the appeal of William and Mary J. McNiff from a decision of the Town of Narragansett Zoning Board of Review which denied their application for a variance Jurisdiction is pursuant to G.L. 1956 (1991 Reenactment) §45-24-69.
Facts and Travel
William and Mary J. McNiff (appellants or McNiffs) own property in the Town of Narragansett consisting of three lots designated as Lots 507, 508, and 509 on Tax Assessor's Plat N-F. Lot 507 measures sixty-six feet wide by one hundred feet long and contains a single-family dwelling owned by the appellants. Lots 508 and 509 each measure sixty feet wide by one hundred feet long and are contiguous with Lot 507. The undeveloped lots are currently used as a yard for the dwelling. At all times pertinent to the instant matter, the entire parcel of land has been located in an R-80 zone and owned by the appellants.
The appellants, who desired to sell some of their property, requested a variance pursuant to Section 6.1.4 of the Narragansett Zoning Ordinance (ordinance), which requires the merger by operation of law of all adjacent substandard lots in common ownership. This section effectively created one undivided parcel of land comprised of Lots 507, 508, and 509.
At its properly advertised meeting on January 9, 1992, the Narragansett Zoning Board of Review (Board) heard the McNiffs' application for a variance regarding the property in question George Briggs Dupont, a registered engineer, testified regarding a permit for an ISDS septic system which related to the subject property James England, a realtor, testified regarding a sales agreement entered into between the McNiffs and Cavendish Realty involving the subject property. The record reflects that a voice vote was taken and Board members Rosie and Ousterhout voted to approve the variance, while members Lapiskey, Stuart, and Helms voted against approval. The decision therefore was made to deny the application.
The Board made the following findings of fact in a final decision issued February 28, 1992:
 "1. That the McNiffs are the owners of Lots 507, 508 and 509 on Assessor's Plat N-F, which is located on Meadowrue Trail, Narragansett, Rhode Island (the "Property"). The Property is located in an R-80 Zoning District.
 "2. Lot 507 has dimensions of 66.66 feet by 100 feet and presently has a single-family dwelling located on it.
 "3. Lots 508 and 509 each have dimensions of approximately 60 feet by 100 feet, and both are presently vacant.
 "4. For all periods relevant to this application, the Property has been in the common ownership of Mr. and Mrs. McNiff.
 "5. In 1988, Mr. and Mrs. McNiff met with officials from the Town of Narragansett to discuss the construction of a single-family dwelling on Lots 508 and 509. Based upon the testimony presented, it appears that the intention was to merge Lots 508 and 509 into a separate building lot and to treat Lot 507 as a separate lot.
 "6. In conjunction with the discussions with the Town, Mr. and Mrs. McNiff, on or about July 27, 1988, recorded in the Land Evidence Records of the Town of Narragansett Quitclaim Deeds which combined into a single parcel Lots 508 and 509.
 "7. That as of the date of the recording of the Quitclaim Deeds, and up until the amendment of Section 6.1.4 of the Zoning Ordinance which took effect on July 16, 1990, the McNiffs would have been entitled to a Building Permit for Lots 508 and 509.
 "8. On July 16, 1990, an amendment to Section 6.1.4 became effective. This amendment required in part the merger of all contiguous lots in common ownership if the lots do not meet the applicable minimum dimensional requirements. This ordinance amendment reflected a change in the treatment of substandard lots of record. The prior version of Section 6.1.4 only merged vacant substandard lots of record.
 "9. Prior to the effective date of the amendment of Section 6.1.4, the McNiffs took no action to checkerboard or otherwise change the state of the title of Lots 507, 508 and 509.
 "10. In 1991, the McNiffs applied to the Building Inspector for a Building Permit to construct a single-family dwelling on Lots 508 and 509. This application was denied on or about October 1, 1991. The basis for the denial was Section 6.1.4 of the Zoning Ordinance which required the merger of Lots 507, 508 and 509.
 "11. Subsequently the McNiffs filed an application to the Board requesting a variance from Section 6.1.4 so as to allow the construction of a single-family dwelling on Lots 508 and 509.
 "12. The reason that the McNiffs are applying for a single-family Building Permit on Lots 508 and 509 is that they are attempting to sell these lots to a buyer.
 "Based upon the above, the Board further finds that the applicants have not demonstrated that the relief sought from Section 6.1.4 of the Zoning Ordinance meets the requirements of Section 10.3.2 of the Zoning Ordinance. Specifically, the applicants have not shown that the relief is reasonably necessary for a full enjoyment of the property, that the hardship results from physical conditions peculiar to the subject land, including shape, topography and location. Further, the Board finds that the hardship claimed is simply a desire by the applicants to increase their monetary gain, and that the hardship results from the actions of the applicants in their failure to take appropriate action to checkerboard the title to the lots prior to the effective date of the amendment to Section 6.1.4.
 "The provisions of Section 6.1.4 are clear and they require the merger of all substandard lots of record in common ownership. Since the property is in common ownership and was in common ownership on the effective date of the amendment to Section 6.1.4, it is merged into a single lot for purposes of zoning.
 "Upon motion made and seconded, the Board votes to deny the application for the requested variance."
On appeal, appellants maintain that the notice provided to them regarding the 1990 amendment to § 6.1.4 of the local ordinance pertaining to merger was inadequate, that the denial of the application for a variance was an abuse of discretion, and that the decision was based upon unlawful procedure, errors of law, and was generally arbitrary and capricious and characterized by an abuse of discretion.
Standard of Review
Superior Court review of a zoning board decision is controlled by G.L. 1956 (1991 Reenactment) § 45-24-69 (D), which provides:
 "45-24-69. Appeals to Superior Court
 (D) The court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are:
 (1) In violation of constitutional, statutory or ordinance provisions;
 (2) In excess of the authority granted to the zoning board of review by statute or ordinance;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative and substantial evidence of the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
When reviewing a decision of a zoning board, a justice of the Superior Court may not substitute his or her judgment for that of the zoning board if he or she conscientiously finds that the board's decision was supported by substantial evidence. Apostolouv. Genovesi, 120 R.I. 501, 507, 388 A.2d 821, 825 (1978). "Substantial evidence as used in this context means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion and means an amount more than a scintilla but less than a preponderance." Caswell v. George Sherman Sandand Gravel Co., Inc., 424 A.2d 646, 647 (R.I. 1981) (citingApostolou, 120 R.I. at 507, 388 A.2d at 824-25).
Notice of the Amended Merger Provision
Merger generally requires the combination of two or more contiguous lots in common ownership into one undivided parcel where any one lot or a portion of one does not meet the requirements established for lot width or area. R.J.E.P.Associates v. Hellewell, 560 A.2d 353, 355 (R.I. 1989). Lots 507, 508, and 509 are all substandard, contiguous lots owned in common by the McNiffs since 1968. (See Application for Special Exception or Variance Under Zoning Ordinances dated November 22, 1991.) As such, under the current amended merger provision of the ordinance, the lots merged into one undivided parcel. The appellants maintain, however, that notice to them personally was inadequate with regard to the amendment to the merger provision of the Narragansett ordinance in 1990.
In general, notice is required whenever a general ordinance includes amendments which make changes to the zoning maps. See
Sec. 45-24-4; Ouigley v. Town of Gloucester, 520 A.2d 975 (R.I. 1987). Individual written notice is required to all property owners within any area directly affected by proposed changes in a zoning map and all property owners within 200 feet of the perimeter of the map change. Ouigley, at 979. In Ouigley, the Town of Gloucester amended the zoning ordinance in such a fashion as to drastically alter the zoning scheme. The Gloucester revision created six zoning districts where there had previously been five and significantly increased certain zoning requirements in particular zones. The zoning maps for the town were altered. The Court held that individual notice was required to those landowners whose property was to be directly affected by the alterations to the zoning maps in Gloucester. Id.
In the instant matter, the Town of Narragansett has made no such drastic changes which would necessitate the type of notice required in Ouigley since no maps have been changed and no zoning designations have been added or altered. Narragansett simply amended its merger provision in 1990 to encompass all contiguous property in common ownership where the prior merger provision addressed only vacant land. Individual notice is not required in this matter.
The level of notice which is required in this instance is determined by § 45-24-53 of the General Laws and § 22.1 of the local ordinance: notice by publication in a newspaper of general circulation within the city or town at least once each week for three successive weeks prior to the date of the hearing, at which time opportunity is to be given to all persons interested to be heard upon the matter. The notice must specify place, date and time, indicate that said amendment is under consideration, and contain a statement of the proposed amendment in its entirety or in summation. There is no evidence on the record before the Court that the notice which was provided to appellants and to the community at large in Narragansett was inadequate in light of statutory and ordinance requirements.
Viti Variance
The appellants' application for a variance, more accurately described as a deviation, seeks relief from restrictions governing a permitted use, such as area or setback regulations.Gara Realty, Inc. v. Zoning Board of Review of South Kingstown,523 A.2d 855 (R.I. 1987); DeStefano v. Zoning Board of Review ofWarwick, 122 R.I. 241, 405 A.2d 1167 (1979). To obtain such relief one "need only demonstrate an adverse impact amounting to a more than a mere inconvenience." Viti v. Zoning Board ofReview of Providence, 92 R.I. 59, 166 A.2d 211 (1960); section45-24-41 (D)(2). More than a mere inconvenience means that there is no other reasonable alternative to enjoy a legally permitted use of one's property. Section 45-24-41 (D) (2).
An important exception to the Viti doctrine, however, applies to subdivision of property which is made in violation of lot size restrictions. Even if ordinarily treated as a matter for a deviation, a request to relax minimum lot size requirements is not governed by the Viti doctrine where the lot is subdivided by the applicant after the adoption of the zoning law establishing the required size. Chase, Viti Revisited, or Just What is aZoning "Deviation"? 22 Suffolk U.L. Rev. 315, 319-320 (1988). In this instance, planning board approval for the subdivision as well as zoning board relief for a variance would be required.
The powers of boards of review to grant variances pursuant to the provisions of the General Laws are designed to provide a landowner with relief from ordinance requirements with which the property simply cannot conform. Slawson v. Zoning Board of Reviewof Barrington, 102 R.I. 552, 232 A.2d 362 (1967). Variances are not intended as a method of sanctioning conditions which are a result of an owners' actions. Id. at 102 R.I. at 556, 232 A.2d at 364.
The appellants have owned the Meadowrue Trail property as one contiguous parcel for twenty-eight years. Any subdivision and subsequent nonconformities of the property would be the result of the owner's deliberate action, not a result of the property's inability to conform with the zoning ordinance.
Finally, petitioners must show that denial of such petition would result in more than a mere inconvenience. See Felicio v.Fleury, 557 A.2d 480 (R.I. 1989). The petitioner must show "that the relief being sought is reasonably necessary for the full enjoyment of the permitted use." DiDonato v. Zoning Board ofReview, 104 R.I. 158, 165, 242 A.2d 416, 420 (1968). Appellants contend that the Board's denial of their application for a variance was an abuse of discretion. An examination of the whole record reveals no evidence that petitioners suffered more than a mere inconvenience or that a variance is reasonably necessary for petitioners to enjoy their property. Enhancement of use, or a desire for a more beneficial use, does not satisfy the requirement.
An examination of the whole record reveals evidence that the McNiffs desire to sell the undeveloped portion of their property to Cavendish Realty ("As I said, the lots are not readily saleable in this economy. They did find a buyer for it — took them awhile — . . . . ." Testimony of Donald Gregory, attorney for appellants, Tr. at 18; "I've been working on this for ten years trying to get this property for sale." Testimony of William McNiff, Tr. at 20; Department of Environmental Management, Application for Individual Sewage Disposal System — Revised Plan dated 8/14/91, Change of Ownership — to Cavendish Realty, Exhibit #4; Sales Agreement for subject property Lots 508 and 509 from William and Mary Josephine McNiff to Cavendish Realty, Exhibit #6.) The Board had before it evidence to indicate that appellants sought a variance so as to enhance the marketability of their vacant land. However, increased marketability does not satisfy the required burden for a variance. See DiMillio v. Zoning Board of Review of SouthKingstown, 574 A.2d 754, 757 (R.I. 1990).
On appeal, appellants note that no one testified in opposition to the application for a variance and that the testimony of the appellants' witnesses was uncontradicted. In requesting a dimensional variance, however, the burden is on the applicant. Felicio v. Fleury, 557 A.2d 480 (R.I. 1989); DiDonatov. Zoning Board of Review, 104 R.I. at 165, 242 A.2d at 420. The appellants have not shown that a denial of the variance is more than a mere inconvenience and, as such, the action of the Board was not an abuse of discretion.
A review of the entire record clearly indicates that the Board had before it sufficient legal evidence, being more than substantial, upon which to base its decision. Appellants suggest various improprieties in the hearing process which have prejudiced their rights. Briefly, appellants suggest that the hearing was "simply closed with a motion to close the meeting." The meeting was closed in the following manner according to the certified transcript: "THE CHAIRMAN: Any other people that wish to speak for or against or just for information? Anybody else wish to speak? Hearing none, the Chair would entertain a motion to close the hearing, take the matter under advisement." (Tr. at 33.) At that juncture the meeting was adjourned. There is no evidence that any interested persons were denied an opportunity to present evidence before the Board. Accordingly, substantial rights of the appellants were not prejudiced.
Appellants also assert charges regarding the decision-making process of the Board. The transcript of the hearing runs for thirty-three pages, indicating the active participation of all the Board members who were present at the hearing. The minutes of the meeting also indicate the position taken by the various Board members and a three-to-two vote against granting the application. Finally, appellants assert that the final decision rendered by the Board is inadequate in that it states no "reason" for its decision. However, the final decision states the Board's reasoning:
 "Based upon the above, the Board further finds that the applicants have not demonstrated that the relief sought from Section 6.1.4 of the Zoning Ordinance meets the requirements of Section 10.3.2 of the Zoning Ordinance. Specifically, the applicants have not shown that the relief is reasonably necessary for a full enjoyment of the property, that the hardship results from physical conditions peculiar to the subject land, including shape, topography and location. Further, the Board finds that the hardship claimed is simply a desire by the applicants to increase their monetary gain, and that the hardship results from the actions of the applicants in their failure to take appropriate action to checkerboard the title to the lots prior to the effective date of the amendment to Section 6.1.4 "
After careful review of the whole record, the Court finds nothing herein which is in violation of any constitutional, statutory or zoning ordinance and nothing to suggest that the Board acted in excess of the authority granted to it by law. The Court finds that the Board's procedure was lawful, and that its decision was not affected by any error of law. The Court further rinds that the Board's decision is not clearly erroneous in view of the reliable, probative and substantial evidence on the whole record, is not arbitrary or capricious, and is not characterized by an abuse of discretion.
Accordingly, the decision of the Narragansett Zoning Board of Review is affirmed
Counsel is directed to prepare the appropriate order.