AMENDED DECISION
On August 7, 1998, this Court issued a decision reversing the Town of Glocester Zoning Board's ("Board") decision, granting John Goff ("appellee") a variance from Article 3, District Dimensional Regulations, lot width, footnote #1, of the Zoning Ordinance of the Town of Glocester. On or about September 25, 1998, the Board filed a motion for reconsideration and to supplement the record in this matter. The appellant objected. Specifically, the appellee sought to submit evidence that applicant Goff had, prior to seeking relief from the Board, submitted a request to the Planning Board and had received conditional approval of a lot line adjustment. After a hearing held, on or about October 2, 1998, this Court granted the appellee's motions for reconsideration and to supplement the record. See order dated October 9, 1998.
Upon reconsideration of the supplemented record, this Court upholds its previous decision of August 7, 1998, and amends same as follows:
Page five of said decision, from the paragraph beginning with the sentence, "The application specifically lists Lots 178 and 179 as the subject property," to page 8, is deleted and amended to read:
Lots 179 and 180 are the subject of both the petition before the zoning board, as well as the Application for Administrative Subdivision submitted to the Glocester Planning Board. The subject application presented and acted upon by the zoning board, and over which the zoning board possesses jurisdiction, concerned Lots 178 and 179. On that application, the dimensional relief was requested for the reason that "denial of [same] would create more than a mere inconvenience to the applicants." In its decision, the Board articulated the applicant's inconvenience as "he would be deprived of access to his property and would be denied the right to permitted uses of his property including for residential purposes." 12/17/98 Decision of Board, Record at 52. In the motion for reconsideration, the applicant further articulates said dimensional relief as necessary to "preserve possible future access to the three back parcels, Lots 188, 182, and 189." Appellees Motion for Reconsideration at 2.
It is well-settled that the standard of whether denial of an individuals application will amount to more than a mere inconvenience applies to subject property and not property tangentially affected. See Travers v. Zoning Bd. of Review ofTown of Bristol, 225 A.2d 222 (R.I. 1967); Didonato v. ZoningBoard of Review of the Town of Johnston, 242 A.2d 416 (R.I. 1967) ("More than a mere inconvenience means that an applicant must show that the relief he is seeking is reasonably necessary for the full enjoyment of his permitted use.")
In this case, denial of appellee's petition will not affect his ability to build a residence upon his property or otherwise utilize Lot 178. Additionally, at present he does have access to his rear lots via a footpath on Lot 179. Accordingly, as appellee can build a house on the subject property, the record reveals that the alleged hardship is not due to the unique characteristics of the subject land and does not constitute more than a mere inconvenience. It is the development of the neighborhood and road systems that have affected appellee's property, not characteristics in the lots themselves. Instead, Lots 178 and 179, as they presently lie, are in full compliance with the ordinance and thus constitute no inconvenience.
Furthermore, it is well-settled that zoning relief is "not intended as a method of sanctioning conditions which do not conform, for the reason that such conditions were brought about by the landowner subsequent to the adoption of the zoning regulation." Slawson v. Zoning Board of Barrington, 232 A.2d 362, ___, 102 R.I. 552, 556 (1967) (citations omitted) See also, Rozesv. Smith, 120 R.I. 515, 388 A.2d 816 (1978). In reducing the 100 foot required distance between side lot lines, necessitating the requested relief, the applicant is creating his own hardship.
After review of the entire supplemented record, this Court finds that the decision of the zoning board was in excess of authority granted to it by statute and ordinance, was affected by error of law, and was characterized by an abuse of discretion. Substantial rights of the appellant have been prejudiced. Accordingly, the December 19, 1997 decision of the Glocester Zoning Board is hereby reversed.
Counsel shall prepare an appropriate final amended judgment reflecting the court's original ruling and this amendment thereto.